IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,

    Plaintiff,

vs.

WALTER McNEIL, et al.,

    Defendants.

Case No. 4:11-cv-45-RH-WCS

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

COMES NOW the Plaintiff, by and through the undersigned attorney, and moves this Court for Partial Summary Judgment on Defendants' Affirmative Defenses and would further show:

1. Defendants have raised the following affirmative defenses:

    a. Defendants assert the actions taken were taken in the course and scope of their duties and did not involve any violation of any constitutional right of Plaintiff.

    b. Plaintiff failed to fully and properly exhaust his administrative remedies regarding Counts IV and V.

    c. Plaintiff failed to state a claim against Defendants Singer and Anderson.

1

d. Defendants Singer, Anderson, Ford, and Moore are entitled to qualified immunity.

e. Plaintiff failed to mitigate any damages he may have received from the approved use of force on 11/11/08.

f. Plaintiff's claims regarding the 11/11/08 use of force outside the shower cell are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

g. Defendants Norris, Swift, Givens, and Derringer were not present in H-dorm during any 11/11/08 use of force. As none of these defendants were present in H-dorm on 11-11-08, they should be dropped from this suit. Otherwise, a Rule 11 motion may be filed.

h. Defendants Moore and Ford assert self-defense and defense of another.

2. Plaintiff responds to the Affirmative Defenses as follows:

a. The statement that Defendants did not violate Plaintiff's rights is not truly an affirmative defense. It is merely a denial of the Plaintiff's allegations.

b. That Plaintiff sufficiently exhausted his administrative remedies has been resolved on Defendants' Motion to Dismiss.

c. That Plaintiff sufficiently stated a claim against Defendants Singer and Anderson has been resolved on Defendants' Motion to Dismiss.

d.  Qualified Immunity is not available to Defendants Singer, Anderson, Ford, or Moore. As to Defendants Ford and Moore, they are alleged to have inflicted excessive force on the Plaintiff. The threshold for such allegations is so high that, should the underlying constitutional violation be proven, qualified immunity would, by definition, be unavailable.

e.  To show a failure to mitigate is the burden of the Defendants. There is no evidence Plaintiff failed to mitigate his damages. Plaintiff sought medical care for his injuries and was refused a requested medical examination by a doctor on the date of his injuries. In any case, it is the burden of the Defendants to show Plaintiff could have mitigated his damages without undue burden.

f.  That the *Heck v. Humphrey* bar does not apply in this case has already been resolved on Defendants' Motion to Dismiss.

g.  The denial of some Defendants that they were present does not constitute an affirmative defense but is merely a denial of Plaintiff's allegations as to them.

h.  There are no facts that justify a conclusion that Officers Ford and Moore were acting in defense of themselves or others. As to the scene outside the shower, it is clear from the video recording that at the moment force was used, Plaintiff was trying to enter the shower

cell where he was ordered to go and that he was pulled back and onto the floor literally as he stepped into the cell. As to the subsequent uses of force, Defendants Ford and Moore deny they occurred and thus the defense is not available to them.

## MEMORANDUM OF LAW

Plaintiff submits that each and every one of the Defendants' Affirmative Defenses should be denied for the following reasons.

### A. "Defendants Did Not Violate Plaintiff's Rights"

A denial does not constitute an affirmative defense. The court found in *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr. Inc.,* 2008 WL 5157683 (N.D. Fla. Dec. 9, 2008), that "[a]n affirmative defense, by definition, states that even if all of the plaintiff's allegations are true, the defendant should still not be found liable. An affirmative defense cannot simply deny an element of the initial complaint." *Id.* at *2. See also *Goodbys Creek, LLC v. Arch Ins. Co.,* 2009 WL 1139572, *3 (M.D. Fl 2009) ("an affirmative defense [that] is a denial of the allegations…rather than an affirmative defense… is therefore legally insufficient.")

### B. "Plaintiff Failed To Exhaust Remedies"

The Plaintiff maintains, and the Court has agreed in its Order on Defendants' Motion to Dismiss, Doc. 37, that the grievances filed exhausted the remedies available to the plaintiff. The Plaintiff did "comply with the applicable procedures established by the state…the only requirement established by the Department's rules is that the

4

'inmate shall ensure that the form is legible, that included facts are accurately stated, and that only one issue or complaint is addressed.'" *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004). In any case the Court has found, "On any reasonable view, Mr. McKenzie adequately exhausted his claim. He filed multiple grievances and appealed to the end of the line." (Doc. 37, p.7).

### C. "Plaintiff Fails to State a Claim against Singer and Anderson"

Again, denial that a plaintiff has stated a case is not an affirmative defense. In a case where defendants used the same language as that used by Defendants in this case to state an affirmative defense of "of failure to state a claim," *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233 (S.D. Fla. July 31, 2009), the court found that "the foregoing statement is not an affirmative defense. Rather, it is a denial, as it alleges only a defect in Plaintiff's prima facie case. See *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("a defense which simply points out a defect or lack of evidence in a plaintiff's case is not an affirmative defense"). In any case, here the Court found the complaint stated a claim against the Defendants.

### D. "Defendants Are Entitled To Qualified Immunity"

Qualified immunity is not applicable if the plaintiff's allegations include a claim of a violation of a clearly established law. The court in *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002) found that "a defense of qualified immunity is not

available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force 'maliciously and sadistically to cause harm' is clearly established to be a violation of the Constitution by the Supreme Court decisions in *Hudson* and *Whitley*." *Id.*; *Bozeman ex rel. Estate of Haggard v. Orum*, 302 F. Supp. 2d 1310, 1313 (M.D. Ala. 2004) ("acting with this extreme intent against a convicted prisoner leaves no room for qualified immunity…")

### E. "Plaintiff Failed To Mitigate Damages"

Defendants have presented no evidence that Plaintiff failed to mitigate his damages. Plaintiff sought medical care for his injuries and was refused a requested medical examination by a doctor on the date of his injuries. In Florida, the doctrine does not require reduction of damages based on what "could have been avoided" through "Herculean efforts." Rather, an injured party is accountable for "ameliorative actions" that could have been accomplished through "ordinary and reasonable care," without requiring undue effort or expense. *Sys. Components Corp. v. Florida Dept. of Transp.*, 14 So. 3d 967, 982 (Fla. 2009), citing *Thompson v. Fla. Drum Co.*, 651 So.2d 180, 182 (Fla. 1st DCA 1995) ("Extraordinary efforts on the part of a plaintiff to mitigate are not required."), approved, 668 So.2d 192 (Fla.1996).

In any case, it is the burden of the Defendants to show that Plaintiff could have mitigated his damages "without undue risk, burden, or humiliation." *Air Caldonie Intl v. AAR Parts Trading Inc.*, 315 F.Supp.2d 1319, 1337 (S.D. Fla. 2004). That Defendants have not done and cannot do.

### F. "Plaintiff's Claims Are Barred by *Heck v. Humphrey*"

Plaintiff's claims are not barred by *Heck v. Humphrey* because the Disciplinary Report and the lawsuit's claim are not mutually exclusive. The claim is not barred because "a judgment in favor" would not "necessarily imply the invalidity of his conviction or sentence…" *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). In any case, the Court has already found that "disobeying orders and being disorderly do not without more authorize correctional officers to beat an inmate until blood is flowing freely, nor to leave him in that condition. Mr. McKenzie's claims thus are not wholly barred by *Heck*…" (Doc. 37, p. 3).

### G. "Defendants Norris, Swift, Givens, and Derringer Were Not Present"

As noted previously, a denial does not constitute an affirmative defense. The court found in *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr. Inc.,* 2008 WL 5157683 (N.D. Fla. Dec. 9, 2008), that "An affirmative defense, by definition, states that even if all of the plaintiff's allegations are true, the defendant should still not be found liable. An affirmative defense cannot simply deny an element of the initial complaint." *Id.* at *2. See also *Goodbys Creek, LLC v. Arch Ins. Co.,* 2009 WL 1139572, *3 (M.D. Fl 2009) ("an affirmative defense [that] is a denial of the allegations…rather than an affirmative defense… is therefore legally insufficient.")

### H. "Defendants Moore and Ford Acted in Self-Defense"

The video evidence shows no precipitating action by Plaintiff from which the Defendants would need to defend themselves or others. Video evidence consists of

two video files submitted on disk with this Motion as **Exhibit A**. They are recordings from two different cameras, denominated "Ch05" and "Ch07." These recordings show no violence or noncompliance by Plaintiff during his transport from his cell to the holding/shower cell.

The first of the files, denominated Ch.5, shows the escort of Plaintiff by Defendants Ford and Moore from the cell towards the holding/shower cell from the frontal angle beginning at the top left of the screen. The second of the files, denominated Ch. 7, shows the same scene from the opposite angle with the Defendants and Plaintiff moving from the bottom right of the screen. The video denominated Ch. 5 shows both Plaintiff and Defendants leaving the cell at the top left of the screen at 12:46:14. From that point the video shows the walk across the hall and a compliant McKenzie attempting to enter the shower cell and being brought to the floor from behind as he tries to enter the shower/holding cell. Video Ch. 7 shows this from the opposite direction. At timestamp 12:46:45, it shows Plaintiff attempting to enter the cell. The Ch. 7 video then shows Plaintiff being brought to the floor, an action claimed by the defendants as having been taken in self-defense. The video shows no threat on the part of the plaintiff that would justify the take down or the subsequent use of chemicals as self-defense. See video stills attached as **Exhibit B**.

As to the subsequent uses of force complained of, Defendants deny having used force subsequent to the use of force on video and thus cannot claim to have acted in self-defense with regard to those actions.

WHEREFORE, Plaintiff Moves this Honorable Court for its Order of Partial Summary Judgment as to the Affirmative Defenses.

    Respectfully Submitted,

    *s/James V. Cook*
    JAMES V. COOK, ESQ.
    Florida Bar Number 0966843
    Law Office of James Cook
    314 West Jefferson Street
    Tallahassee, Florida 32301
    (850) 222-8080; 561-0836 fax
    cookjv@nettally.com

I CERTIFY the foregoing was filed electronically on 1/27/12 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

| | |
|---|---|
| Lance Eric Neff | Ginger Barry Boyd |
| Mark Hiers | Broad and Cassel |
| Office of the Attorney General | 200 Grand Boulevard, Suite 205A |
| The Capitol, PL 01 | Destin, Florida 32550 |
| Tallahassee, FL 32399-1050 | gbarry@broadandcassell.com |
| Lance.neff@myfloridalegal.com | |

    *s/James Cook*
    JAMES V. COOK

9

# Exhibit A

# Fixed Wing Video Disc filed by mail under seal.

# Exhibit B

# Video Stills filed by mail under seal.