IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,

    Plaintiff,

vs.

WALTER McNEIL, et al.,

    Defendants.

Case No. 4:11-cv-45-RH-WCS

## NOTICE OF RE-FILING EXHIBITS TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOTICE IS HEREBY GIVEN that Plaintiff, through the undersigned attorney, is replacing the Declarations of Darryll McKenzie, Kevin Jones, and Isaac Smith with signed copies, on 02/20/2012. The following persons are registered to be notified by the CM/ECF electronic mail system:

Lance Eric Neff and Mark Hiers
Office of the Attorney General
The Capitol, PL 01
Tallahassee, FL 32399-1050

Ginger Barry Boyd
Broad and Cassel
200 Grand Boulevard, Suite 205A
Destin, Florida 32550

    s/JAMES V. COOK
    Florida Bar Number 0966843
    Law Office of James Cook
    314 West Jefferson Street
    Tallahassee, Florida 32301
    (850) 222-8080; 561-0836 fax
    cookjv@nettally.com

EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DARRYLL McKENZIE,
    Plaintiff,

v.

WALTER McNEIL, et al.,
    Defendants.

CASE NO. 4:11-cv-45-RH

## DECLARATION OF DARRYLL MCKENZIE

STATE OF FLORIDA
COUNTY OF BRADFORD

COMES NOW Darryll McKenzie and makes this Declaration under oath:

1. My name is Darryll McKenzie, the Plaintiff. I am over the age of 18 and competent to make this declaration.

2. On November 11, 2008, I was the victim of excessive and unnecessary force by corrections officers at Columbia Correctional Institution.

3. While in H-Dorm, I did not receive clean clothes for several weeks. I could not adequately clean my clothes and they began to mildew and stink.

4. On November 11, 2008, Sgt. Ford told me to take clothing down from the light fixture where it was hanging to dry.

5. Later, Officer Moore told me I could hang the clothing on the bed. The clothing hanging on the bed did not block a view of the cell.

6. When Sgt. Ford came back by and saw the clothes hanging on the bed, I explained I followed the last order, like I was supposed to.

7. When Sgt. Ford became angry and verbally abusive, I told him I would write a grievance against him for his treatment of me.

8. My intention in grieving Sgt. Ford was to defend my right to decent conditions, clean clothing, and fair treatment.

9. All the officers who beat me had, at one time or another, expressed a hatred and scorn for me as a "writ writer."

10. After they beat me, I was intimidated by the abuse to the extent that I became more hesitant to complain about conditions and treatment.

11. Sgt. Ford told Officer Moore to pull my cellmate Shawn Bair out for a medical call out. We knew that wasn't true because it was a holiday weekend and we suspected we were going to be beaten because of the clothing.

12. I never pulled away from Sgt. Ford as he took me from my own cell to the holding cell at the end of the hall.

13. Sgt. Ford did not "attempt" to place me in a holding cell. I actually entered the cell when he pulled me out and threw me to the ground.

14. I didn't struggle after I was thrown to the ground outside the shower cell.

15. When Defendants Roundtree, Stephens, Ford and Moore took me from the wing and beat me, no one was creating a disturbance except the officers. There was no reason to take me off the wing.

16. I received a gash above my eye. I had pre-existing injuries to my neck and pelvis. The physical abuse I suffered on November 11, 2008, made my conditions worse, and resulted in a popping sound whenever I would move my neck that I didn't have before. I also received injuries to my head, my back, ribs, abdomen and groin. I also suffer from emotional distress.

17. I was seen by Dr. Lord at the Reception and Medical Center about nine months later for the popping sound in my neck. Dr. Lord heard the popping sound and wrote for me to have "observation" but I didn't get any observation and nothing more was done.

18. There was a time while I was wearing a neck brace that I had an altercation with another inmate. I acted in self-defense and out of necessity.

19. A medical report on January 6, 2009, says I denied trauma to my tongue. I didn't then connect this beating with the trauma, but I later realized the beating was when the pain started and there was no other explanation for it.

20. After the incident, Captain Roundtree confronted me in front of Warden Singer and referred to the incident and made what I interpreted as a death threat. Warden Singer did nothing in response.

FURTHER AFFIANT SAYETH NAUGHT.

*Pursuant to § 92.525, Florida Statutes, and 28 U.S.C. § 1746, I declare under penalty of perjury that I have read the foregoing document and that the facts stated in it are true.*

_____    2-10-12
DARRYLL McKENZIE                                   Date

EXHIBIT C

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DARRYLL McKENZIE,
    Plaintiff,

CASE NO. 4:11-cv-45-RH

v.

WALTER McNEIL, et al.,
    Defendants.

**DECLARATION OF KEVIN JONES**

STATE OF FLORIDA
COUNTY OF BRADFORD

COMES NOW Kevin Jones and makes this Declaration under oath:

1. My name is Kevin Jones. I am over 18 and competent to make this declaration.

2. I remember the incident in which Darryll McKenzie got hurt in Dorm H at Columbia Correctional Institution.

3. It was in late 2008 and may have been November.

4. I was being held in a holding cell in H dorm across from the nurses' station. There is a mirror in the corner that lets you see back to the captain's office and the office next to it. I could see the nurses' office without looking in the mirror.

5. I remember Captain Roundtree and Captain Stephens and Sgt. Ford with Darryll McKenzie, escorting him to one of the offices.

6. They momentarily stopped in front of the offices and got a couple punches on him. Roundtree and Captain Stephens hit him. Sgt. Ford jerked him by arm and back of neck and they pulled him into one of the offices. I could see this by the mirror.

7. The office was in the row of offices that included the nurse's office. The nurse wasn't there are the time. I know It was around lunchtime because I had just been brought from the cafeteria.

8. Once they went in the office they closed the door. I could hear more blows and I heard sounds from Mr. McKenzie like agony and I could recognize Capt. Stephens say, "get up before I hit you in your other fucking eye." I heard Capt. Roundtree say "you gonna take down what I tell you to take down."

9. The door opens and they bring him out and walk him past me. I was able to see his face and he had a gash above his eye and blood coming down his cheek. I will mark the area where this happened

FURTHER, AFFIANT SAYETH NOT.

Pursuant to § 92.525, Florida Statutes, and 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing document and that the facts stated in it are true.

_____   2-10-2012
AFFIANT                            Date

_____
Telephone

Attach and initial additional pages if necessary



EXHIBIT D

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DARRYLL McKENZIE,
    Plaintiff,

v.

WALTER McNEIL, et al.,
    Defendants.

CASE NO. 4:11-cv-45-RH

**DECLARATION OF ISAAC SMITH**

STATE OF FLORIDA
COUNTY OF BRADFORD

COMES NOW Isaac Smith and makes this Declaration under oath:

1. My name is Isaac Smith. I am over 18 and competent to make this declaration.

2. When Darryll McKenzie got beat up, I was in quad 2-115 S1, in Dorm H, right across the hall from his cell.

3. I saw Officer Moore and Sgt. Ford come to McKenzie's cell. They told them to take clothes off light. McKenzie told him he didn't have clothes that were clean.

4. When they took them from the cell, I think they said Mr. McKenzie's cellmate Shawn Bair had a medical call out.

5. After they were out of the cell, Sgt. Ford went in the cell and started snatching the clothes and cussing like, "motherfucker I told you take down the clothes. You don't run nothing here."

6. Mr. McKenzie just said I don't have clothes. He wanted to keep his sweatshirt and Sgt. Ford wanted Mr. McKenzie to give it to him.

7. Mr. McKenzie never struggled with the officers as they took him and his cell mate down the hall to the shower cells.

8. They took Mr. McKenzie down to the shower cell. They opened the shower cell door and they started to put him in the cell.

9. When he was going into the shower cell door they suddenly pulled him back and threw him on the floor. Afterwards they sprayed him and then put him back in.

10. Then Capt. Roundtree came and had them take him off the wing. In the hall outside the camera range, they started beating on him again. It was Capt. Roundtree, Capt. Stephens, Sgt. Ford and the corrections officer.

FURTHER, AFFIANT SAYETH NOT.

Pursuant to § 92.525, Florida Statutes, and 28 U.S.C. § 1746, I hereby declare under penalty of perjury that I have read the foregoing document and that the facts stated in it are true.

_____  _____
AFFIANT                                                              Date

                                                                 _____
                                                                 Telephone

Attach and initial additional pages if necessary