IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL McKENZIE,                          Case No. 4:11-cv-45-RH/WCS
     Plaintiff,

v.

WALTER McNEIL, et al.,
     Defendants.

**PLAINTIFF'S NOTICE OF FILING
PROPOSED JURY INSTRUCTIONS**

NOTICE IS HEREBY GIVEN that Plaintiff, through the undersigned attorney, files the attached proposed Jury Instructions.

I CERTIFY that the foregoing was filed electronically on 02/22/2012 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

| | |
|---|---|
| Lance Eric Neff and Mark Hiers<br>Office of the Attorney General<br>The Capitol, PL 01<br>Tallahassee, FL 32399-1050<br>Lance.neff@myfloridalegal.com | Ginger Barry Boyd<br>Broad and Cassel<br>200 Grand Boulevard, Suite 205A<br>Destin, Florida 32550<br>gbarry@broadandcassell.com |

                                       s/JAMES V. COOK
                                       Florida Bar Number 0966843
                                       314 West Jefferson Street
                                       Tallahassee, Florida 32301
                                       (850) 222-8080; 561-0836 fax
                                       cookjv@nettally.com

**Plaintiff's Requested Instruction 1**

In this case the Plaintiff claims that the Defendant, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendants were acting under color of state law as a Correctional Officers at Charlotte Correctional Institution, the Defendants intentionally violated the Plaintiff's constitutional right to be free of cruel and unusual punishment.

Under the Eighth Amendment to the Constitution of the United States, every person convicted of a crime or a criminal offense has the right not to be subjected to **cruel and unusual punishment**. This includes, of course, the right not to be assaulted or beaten without legal justification.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First: That the Defendants intentionally acted as follows:

Defendants Roundtree, Stephens, Ford, and Moore, or any one or combination of them used excessive force against Plaintiff McKenzie without a penological purpose.

Defendants Ragans, Derringer, Givens, and Swift, or any one or combination of them failed to intervene to prevent the unconstitutional use of force, though able to do so.

Defendant Singer was aware of the risk of harm to an inmate in Plaintiff McKenzie's situation and failed to act to abate the risk.

Defendant Singer violated both Plaintiffs' rights by failing to train or discipline the officers, or failing to institute necessary policies, thereby failing to abate or ratifying the above abusive practices.

Second: That the Defendants' conduct amounted to the use of "excessive force" against the Plaintiff as hereafter defined

Third: That in so doing, Defendants acted under color of state law, and

Fourth: That the Defendants' acts were the proximate or legal cause of an injury sustained by the Plaintiff.

Under the First Amendment to the Constitution of the United States, every citizen has the right not to suffer **retaliation for the expression of protected speech**.

In order to prevail on this First Amendment Retaliation claim, the Plaintiffs must prove each of the following facts by the greater weight of the evidence:

First: That the Defendants intentionally acted as follows:

Defendant Moore, either alone, or in concert with another, retaliated against Darryll McKenzie for his expression of protected speech either by the use of force, imposition of imposition of inhumane conditions of confinement, or any combination of these.

Defendant Ford, either alone, or in concert with another, retaliated against Darryll McKenzie for his expression of protected speech either by the use of force, imposition of imposition of inhumane conditions of confinement, or any combination of these.

Defendant Stephens, either alone, or in concert with another, retaliated against Darryll McKenzie for his expression of protected speech either by the use of force, imposition of imposition of inhumane conditions of confinement, or any combination of these.

        Defendant Roundtree, either alone, or in concert with another, retaliated against Darryll McKenzie for his expression of protected speech either by the use of force, imposition of imposition of inhumane conditions of confinement, or any combination of these.

        Defendant Singer was aware of the risk of harm to an inmate in Plaintiff McKenzie's situation and failed to act to abate the risk.

        Defendant Singer violated both Plaintiffs' rights by failing to train or discipline the officers, or failing to institute necessary policies, thereby failing to abate or ratifying the above abusive practices.

Second:     That the Defendants' conduct amounted to "First Amendment retaliation" against the Plaintiff as hereafter defined

Third:     That in so doing, the Defendants acted under color of state law, and

Fourth:     That the Defendants' acts were the proximate or legal cause of the damages sustained by the Plaintiffs.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed that the Defendants acted "under color" of state law and you should, therefore, accept that fact as proven.

The constitutional right to be free of cruel and unusual punishment includes the right not to be subjected to excessive force while being detained in custody by a law enforcement or corrections officer. On the other hand, not every push or shove, even if it later seems unnecessary, will give rise to a constitutional violation; and an officer always has the right, and the duty, to use such reasonable force as is necessary under the circumstances to maintain order and assure compliance with prison regulations. Whether or not any force used in this instance was excessive is an issue for you to decide on the basis of whether such force, if any, was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In making

that decision you should consider the amount of force used in relationship to the need presented; the motive of the officer; the extent of the injury inflicted; and any effort made to temper the severity of the force used. Of course, when prison officials maliciously and sadistically use force to cause harm, the result would be cruel and unusual punishment regardless of the injury to the inmate.

If you should find for the Plaintiff and against the Defendant, you must then decide the issue of the Plaintiff's damages. For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In considering the issue of the Plaintiff's damages you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover the physical aspects of injury. Thus, no evidence of the value of physical pain has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

  (a) Physical pain and suffering;

  (b) Emotional injury if accompanied by more than minimal physical injury;

  (c) Punitive damages, if any.

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.


Authority: Eleventh Circuit Pattern Jury Instructions
     Instruction 2.3.1

Given: _____

Refused: _____

Modified: _____

**Plaintiff's Requested Instruction 2**
**Inhumane Conditions**

Under the Eighth Amendment, the pertinent inquiry is (1) whether there has been an infliction or a deprivation of the basic human needs, such as adequate food, clothing, shelter, sanitation, or medical care, and (2) if so, whether prison officials acted with the requisite culpable intent such that the infliction of pain is unnecessary and wanton.

In prison condition cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to an inmate's suffering.

Similarly, conduct by jail officials is punishment in violation of the Fourteenth Amendment only if prison officials act with deliberate indifference to the inmate's needs.

The test for whether a prison or jail official acts with deliberate indifference is a subjective one: the official must know of and disregard an excessive risk to inmate health or safety, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference.

Authority:   Anderson v. County of Kern, 45 F.3d 1310,1312-13(9th Cir. 1995); Redman v. County of San Diego, 942 F.2d 1435, 1440, 1441-43 (9th Cir.)(en banc), cert. denied, 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed. 2d 137 (1991); Farmer v. Brennan, 511 U.S. 825,  114 S.Ct. 1970, 1977, 1979, 128 L.Ed. 2d 811 (1994); Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 2326-27, 115 L.Ed. 2d 271 (1991); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993)(en banc); Hallstrom v. Garden City, 991 F.2d 1473, 1485 (9th Cir.)(applying Redman to conditions of confinement), cert. denied, 510 U.S. 991, 114 S.Ct. 549, 126 L.Ed. 2d 450 (1993).

Given:   _____

Refused:   _____

Modified:   _____

**Plaintiff's Requested Instruction 3**
**Failure to Treat**

In this case the Plaintiff claims that the Defendant, Steven Singer, while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant was acting under color of state law as an employee of Columbia Correctional Institution the Defendant intentionally violated the Plaintiff's right not to be subjected to cruel and unusual punishment under the Eighth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendant was deliberately indifferent to the Plaintiff's serious medical needs.

Under the Eighth Amendment anyone who is convicted and detained under state law is entitled to necessary medical care, and a corrections employee would violate that right if the officer is deliberately indifferent to an inmate's serious medical need. Stated another way, to be deliberately indifferent to an inmate's serious medical need amounts to the imposition of cruel and unusual punishment in violation of the Eighth Amendment.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the corrections employee is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the employee is not enough; the Plaintiff must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights through the infliction of cruel and unusual punishment.

In order to establish his claim, therefore, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the Plaintiff had a "serious medical need," as previously defined;

Second:  That the Defendant was aware of the Plaintiff's serious medical need;

Third:  That the Defendant with deliberate indifference, failed to provide the necessary medical care;

Fourth:  That in so doing the Defendant acted "under color" of state law; and

Fifth:  That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With regard to the fourth required element of proof – that the Defendant acted "under color" of state law – that fact is not disputed in this case and you may accept that fact as proved.

With regard to the fifth required element of proof -- that the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff -- remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiff and against the Defendant, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you should assess the amount

you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of Plaintiff's injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

  (a) Physical as well as emotional pain and mental anguish.

  (b) Nominal damages (as explained in these instructions);

  (c) Punitive damages, if any (as explained in these instructions).

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would

allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Authority:    Eleventh Circuit Pattern Jury Instructions
              Instruction 2.3.2

Given:     _____

Refused:   _____

Modified:  _____

## Plaintiff's Requested Instruction 4
## Spoliation

In this case, the escort off the wing was not videotaped, although the officers had the means to do so. Therefore, no record exists of the movement of Mr. McKenzie from Wing 2 to Wing 3. Even as to an issue on which the plaintiff normally has the burden of proof, it would be inappropriate to rule that defendants should prevail where they have made proof impossible.

This Jury may infer that the evidence that was not preserved would have been adverse to the defendants if it had been brought into court. The Jury does not need to find that the party that failed to preserve the evidence acted with malice in order to draw an adverse inference against that party.

Authority:   *Patterson v. Coughlin*, 905 F.2d 564, 570 (2d Cir. 1990)
             *Swofford v. Eslinger*, 671 F.Supp.2d 1274 (11th Cir. 2009)

Given:       _____

Refused:     _____

Modified:    _____

**Plaintiff's Requested Instruction 5**

The Plaintiff also claims that the acts of the Defendant were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that the Defendant did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the Defendant as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and <u>for only that conduct.</u> For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions [it] [he] [she] took in this particular case.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages [and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts].

Authority:     Eleventh Circuit Pattern Jury Instructions
               Instruction 2.1

Given:         _____

Refused:       _____

Modified:      _____

**Plaintiff's Requested Instruction 6**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages. The matter of attorney's fees and court costs will be decided later by the Court.


Authority:     Eleventh Circuit Pattern Jury Instructions
               Instruction 6.1

Given:         _____

Refused:       _____

Modified:      _____