IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,
    Plaintiff,

vs.

WALTER McNEIL, et al.,
    Defendants.

Case No. 4:11-cv-45-RH-WCS

**PLAINTIFF'S FIRST MOTION IN LIMINE**

COMES NOW the Plaintiff, DARRYLL McKENZIE, by and through the undersigned attorney, and requests this Honorable Court enter an Order before selection of the jury, instructing the Defendants, their attorneys and witnesses, not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner any of the facts indicated below without first obtaining the permission of the court outside the presence and hearing of the jury and further instructing the defense attorney to warn and caution his clients and each and every witness to strictly follow any order entered by the court in connection with this Motion. This Motion in Limine encompasses the following items:

I.    **National Institute of Justice Article on Oleoresin Capsicum**

Defendants wish to show to the Jury an article from the U.S. Department of Justice National Institute of Justice that purports to "[d]ispel myths and provide objective information to help make informed purchasing decisions" and "[p]rovide

1

names, addresses, and phone numbers of OC manufacturers and other relevant sources of information." The main point of the article seems to be to minimize the harmful effects of Oleoresin Capsicum and to encourage its use.

The U.S. Department of Justice is a user of Oleoresin Capsicum a.k.a. "pepper spray" both in on-the-street law enforcement activities and in prison settings, through its Bureau of Prisons that runs the federal prison system in the United States. Through its facilities and employees, the U.S. Department of Justice is involved in litigation challenging the use of pepper spray as cruel and unusual punishment. See *Halsey v. Acker*, 2012 WL 463699 (S.D. Ga. 2012), Case No. CV212-031. USDOJ wishes to continue to use pepper spray and has an interest in the outcome of litigation on this matter. Thus, the indicia of trustworthiness is lacking from its articles on the use of that substance. Plaintiff objects to the article.

II.     **Testimony by Drs. Render and Hoang**

Plaintiff is concerned that Drs. Render and Hoang will go beyond any role they may have had as treating doctors and express opinions that are, in effect, expert testimony by an undeclared expert. Plaintiff asks that such testimony be excluded and that the witnesses be instructed in advance to limit their testimony to issues involving treatment of Darryll McKenzie.

WHEREFORE, the undersigned attorneys move the Court to exclude the above matters from evidence and argument at trial.

                          Respectfully Submitted,

                          *s/James V. Cook*
                          JAMES V. COOK, ESQ.
                          Florida Bar Number 0966843
                          Law Office of James Cook
                          314 West Jefferson Street
                          Tallahassee, Florida 32301
                          (850) 222-8080; 561-0836 fax
                          cookjv@nettally.com

I CERTIFY the foregoing was filed electronically on 2/24/12 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

| | |
|---|---|
| Lance Eric Neff, Mark Hiers | Ginger Barry Boyd |
| Office of the Attorney General | Broad and Cassel |
| The Capitol, PL 01 | 200 Grand Boulevard, Suite 205A |
| Tallahassee, FL 32399-1050 | Destin, Florida 32550 |
| Lance.neff@myfloridalegal.com | gbarry@broadandcassell.com |

                          *s/James Cook*
                          JAMES V. COOK