IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,
    Plaintiff,

vs.

WALTER McNEIL, et al.,
    Defendants.

Case No. 4:11-cv-45-RH-WCS

**PLAINTIFF'S EXPARTE MOTION FOR TEMPORARY INJUNCTION AND DECLARATORY RELIEF**

COMES NOW the Plaintiff, DARRYLL McKENZIE, by and through the undersigned attorney, and requests this Honorable Court enter an Order for Temporary Injunctive Relief and as cause would show:

1. This morning at 9 a.m., this attorney had a phone conference with Darryll McKenzie. In order to brief him on the conference issues, I sent him a packet of information and he had it with him in his GED class earlier this morning.

2. At the GED class, a corrections officer named Shimer – on information and belief, it was Jonathan Shimer – took Mr. McKenzie's legal mail envelope and opened it up and began reading the contents aloud to the other officers and to the teachers who were in the GED classroom.

3. One of the teachers called the Captain – on information and belief it was a Capt. Knowles – and eventually Mr. McKenzie got his legal mail back.

4. The incident happened between 7:40 a.m. and 8:00 a.m.

1

5. As a result of this incident, it can be presumed that officers on the FSP compound know about Mr. McKenzie's lawsuit as well as some of Mr. McKenzie's lawsuit strategy.

6. Florida State Prison is the prison at which Steven Singer, a Defendant herein, serves as Warden.

7. Mr. McKenzie does not feel safe at FSP. He is also concerned that some contact or strategy with regard to witnesses is now being discussed at FSP.

8. Some of Mr. McKenzie's witnesses are at FSP now and they will be concerned as well. Mr. McKenzie may have trouble getting their further cooperation. Some inmate witnesses have already expressed fear of retaliation.

9. Mr. McKenzie has had problems, too, with extreme and inappropriate redaction of documents he has received from the Department of Corrections.

10. It appears that a number of responsive documents were destroyed by the Department in November, nearly three months after they were requested by Mr. McKenzie. **See Exhibit A**. The Department asked for an extension and then destroyed the documents.

11. Grievance documents complaining of failure to provide Mr. McKenzie with health care after this incident are redacted so that none of his health care complaints can be read. **See Exhibit B**.

12. In the employment application for Defendant William C. Moore, the name and location of his high school have been redacted. His former employers, his

supervisors name and business address has been redacted from his work history in his employment application. In a report of force used, the inmate's name has been redacted. On a counseling memorandum, the signatures of Major Jarvis and a witness are redacted. Again, in an 04/06/2004 Written Reprimand, the Reprimanding Authority's signature is redacted. In a IG report on an 8/22/2003 arrest of Moore, the name of the complainant, the inspector, the Columbia County Sheriff's Deputy, are all redacted. On the following pages, the name of the arresting officer, the case number, the attorneys for the defense and state, and several witness's names are redacted. **Exhibit C**.

13. Other records of the Defendant officers' criminal histories have had the case numbers, names of arresting officers, and other particulars redacted.
14. Plaintiff feels there is a substantial likelihood he will prevail on the merits;
15. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
16. The threatened injury, to Plaintiff outweighs the threatened harm injunction will do to the entity sought to be enjoined; and
17. The granting of the preliminary injunction will not disturb the public interest.

## MEMORANDUM OF LAW

The documents read and disclosed to others were clearly privileged. re can be no serious question that the material in the present case was privileged. See *In re Grand Jury Investigation*, 974 F.2d 1068, 1070–71 (9th Cir.1992). *Gomez v. Vernon*, 255 F.3d 1118, 1132-33 (9th Cir. 2001). To conclude that security concerns make it impossible for inmates to keep privileged documents confidential "would undermine a critical component of the right of access to the courts, namely, the opportunity to receive privileged communications from counsel." *Gomez v. Vernon*, 255 F.3d at 1133. As the Supreme Court has held, the inmates' First Amendment and other rights pertaining to privileged correspondence are "not inconsistent with [their] status as ... prisoners or with the legitimate penological objectives of the correctional system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

The Florida Department of Corrections should not be permitted to redact the medical records it sends to Mr. McKenzie's lawyer. Mr. McKenzie and his lawyer are legally the same entity. See *Richard Bertram, Inc. v. Sterling Bank & Trust*, 820 So.2d 963, 965 (Fla. 4th DCA 2002),  "[A]n attorney serves as an agent for his or her client. As such, the attorney's acts are the acts of the principal, . . ." See also Rue & Ziffra, attached as **Exhibit D**.

The Florida Department of Corrections should not be permitted to make redactions of documents under federal subpoena, but rather, such documents as must be redacted should be redacted prior to filing.

In *Gomez, supra*, the court concluded that some relief is necessary to prevent retaliatory action. Implicit in these rulings is a determination that, absent the injunction, the likely harm would be irreparable. *Gomez* at 1129-30.

WHEREFORE, the undersigned attorneys move the Court to enter a temporary order requiring:

A. That Florida Department of Corrections officers refrain from reading Mr. McKenzie's legal mail;

B. That the officers who are now privy to the contents of the mail be enjoined to refrain from disclosing them or discussing the matter with others;

C. That Darryll McKenzie be transferred from Florida State Prison and be given a choice of alternatives of transfer destination;

D. That Mr. McKenzie's named witnesses, who wish transfers, be granted transfers and given some choice of alternatives of transfer destination;

E. That improperly redacted documents be replaced with unredacted documents well prior to the trial in this matter;

F. Such other relief as justice may require.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street

>Tallahassee, Florida 32301
>(850) 222-8080; 561-0836 fax
>cookjv@nettally.com

I CERTIFY the foregoing was filed electronically on 2/29/12 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

Lance Eric Neff, Mark Hiers       Ginger Barry Boyd
Office of the Attorney General    Broad and Cassel
The Capitol, PL 01                200 Grand Boulevard, Suite 205A
Tallahassee, FL 32399-1050        Destin, Florida 32550
Lance.neff@myfloridalegal.com     gbarry@broadandcassell.com


>*s/James Cook*_____
>JAMES V. COOK

# DEPARTMENT OF CORRECTIONS
## RECORDS DISPOSITION DOCUMENT

PAGE 1 OF 2 PAGES

| 1. DEPARTMENT/SECTION | 2. CONTACT (Name and Telephone Number) |
|---|---|
| COLUMBIA CORRECTIONAL INST./ SECURITY | TAVIA L. FRYE, GSS |

3. **NOTICE OF INTENTION:** The scheduled records listed in Item 5 are to be disposed of in the manner checked below (specify only one).

☒ a. Destruction  ☐ b. Microfilming and Destruction  ☐ c. Other

4. **SUBMITTED BY:** I hereby certify that the records to be disposed of are correctly represented below, that any audit requirements for the records have been fully justified, and that further retention is not required for any litigation pending or imminent.

Signature: *David W. Maddox*
Name and Title: D. MADDOX, COLONEL / David W. Maddox Colonel
Date: 9-19-11

## 5. LIST OF RECORD SERIES

| a. Schedule No. | b. Item No. | c. Record Series Title | d. Retention | e. Inclusive Dates | f. Number Of Archive Size Boxes |
|---|---|---|---|---|---|
| GS1-S | 2 | DC6-215A FORMAL COUNT SLIPS | 1M | 1/06-12/09 | 10 |
| GS1 | 34 | DC6-209 HOUSING UNIT LOGS 101, 301, 502 | 1CY | 01/05-12/09 | 10 |
| GS1 | 34 | DC6-270 TOWER LOGS | 1CY | 01/05-12/09 | 3 |
| GS2 | 34 | DC6-207 CONTROL ROOM LOGS | 1CY | 01/05-12/09 | 3 |
| GS2 | 34 | DC6-259 LOG OF OFFICAL VISITORS | 3CY | 01/05-12/08 | 1 |
| GS2 | 34 | DC6-2016 OFFICER STATION CHECK LIST | 1CY | 01/05-12/09 | 4 |
| GS2 | 34 | DC6-2045 SALLYPORT INV. EQUIP LIST | 1CY | 01/05-12/09 | 4 |
| GS2 | 34 | PERIMETER INSPECTION | 1CY | 01/05-12/09 | 4 |
| DC2 | 34 | DC6-2003 KEY LOG | 1CY | 01/05-12/09 | 1 |
| GS2 | 34 | DC6-257 LOCK-LOCKING SYSTEM INSP LOG | 3CY | 01/05-12/05 | 1 |
| GS2 | 34 | DC6-207 CONTROL ROOM LOG | 3CY | 01/05-12/07 | 3 |
| GS2 | 34 | DC6-228 INSPECTION OF SPEC. HOUS. REC | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-213 INDIVIDUAL CHEM AGENT DISP | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-293 CLASS AA TOOL RECEIPT | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-2015 CONTROL RM CLEANING CKLIST | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-221 CELL INSP. | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-281 CONTROL RM SEC EQUIP CK | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-260 VISITOR REGISTRATION LOG | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-2001 SEARCH LOG | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-2004 STAFF SEARCH LOG | 3CY | 01/05-12/07 | 2 |
| DC | 48 | DC6-236 INMATE REQUEST | 5CY | 01/03-12/04 | 1 |
| GS2 | 34 | DC6-2041 TRANSPORTATION REQUEST | 3CY | 01/05-12/07 | 2 |
| GS1-S | 241 | DC6-210 INCIDENT REPORT | 4CY | 01/04-10/05 | 1 |
| GS1-S | 148 | DC6-569 INMATE SAFETY TRAINING | 3FY | 09/05-09/07 | 1 |

6. **DISPOSAL AUTHORIZATION:** Disposal for the above listed records is authorized. Any deletions or modifications are indicated.

Records Management Liaison Officer   Date: 11/15/11

7. **DISPOSAL CERTIFICATE:** The above listed records have been disposed of in the manner and on the date shown in column g. 65

Signature  Date
Name and Title
Witness

DC2-575 (Revised 7/05)

**EHXIBIT B**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED 12-13-08 7:07 P.M. (Written)

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: McKenzie, Darryl Joel  653489  Columbia Correctional
        Last      First    Middle Initial    Number    Institution

Nature
08-6-36853

Part A – Inmate Grievance  Nature of 33.103.008

Grievance of 33.103.013(f)(6)(A)(D.A=(15)

Sir on 11-11-08 I was violently Beaten By STAFF Members of Columbia Correctional Institution. Which I have been Denied until 12-10-08 I been thrown into a cell until were I Hearing the STAFF and I have been Sir I am They Refuse to Review video cameras that will show me being beaten on camera as well as Taken out of Dormitory, To unlocated area in H-Dorm to Administrate more Physical Harm, I have not recieve You can check my Tallahassee in 2,006 AT Lake Butler I am still being Denied (Full) and have been Denied Multiply They have cover up this Emergency by 1. Denieing me witness statement to call video cameras, Witness, C.I., as well as STAFF This is a well Train Orginization who do not Follow Chapter 33st Period Denied 303, Request Forms, and refuse to offer Witness Statement. I Grieve this under the A.D.A. Sir/Ma'am To Prove that I was beaten and to have access to the video-Tape can Now only come from Your Investigation on how my after I just seen a 12-13-08 who was Authorize by Darryl McKenzie 653489
DATE  7:07pm  Chief  12-12-08  SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: 0

7h                                                                          Signature
                                                                              201
INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 12/16/08    Institutional Mailing Log #: _____    S. Precilio
                            (Date)                                                  (Received By)

DISTRIBUTION:   INSTITUTION/FACILITY    CENTRAL OFFICE
                INMATE (2 Copies)  08-111D   INMATE
                INMATE'S FILE              INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
                                            CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**State of Florida**

# EMPLOYMENT APPLICATION

Equal Opportunity Employer/Affirmative Action Employer
The State of Florida does not tolerate violence in the workplace.

Where to Find Vacancy Information:
- On the Internet: http://jobsdirect.state.fl.us
- [Job Service a]nd Benefits Centers - *Consult your local telephone directory*
- State Agency Personnel Offices

**EXHIBIT C**

**FOR OFFICIAL USE ONLY**

Agency Authorized Signature: ASC | Date: 7/8/03 | Class Code: 8003 | Status: E

**POSITION APPLIED FOR**

Agency: Florida Dept. of Corrections
Title: Correctional Officer
Position Number: CFRC
Date Available: ASAP
Counties of Interest: Columbia Reg #
Minimum Acceptable Salary:

## GENERAL INSTRUCTIONS

- Type or print in ink this application in its entirety.
- Specify the position for which you are applying.
  (**Note:** A *separate* application must be submitted for each vacancy. Photocopies are acceptable.)
- Submit your application to the office announcing the vacancy no later than the close of business on the announced deadline date.
- Sign your name in the Certification Section (page 4). All information you submit is subject to verification.
- Notify the agency's hiring authority in advance if you require special disability accommodations to participate in the employment process.

### HOW DO WE CONTACT YOU?

Your Name: William Clayton Moore
Social Security:
Your M:
Ci:
Home Phone | Business Phone | SUNCOM (State Employees)

APPLICATION

## EDUCATION

**HIGH SCHOOL:**

NAME / LOCATION OF SCHOOL: _____ RECEIVED: [X] Diploma [ ] Other (specify) _____ [ ] None

YOUR NAME, IF DIFFERENT WHILE ATTENDING SCHOOL: _____

**COLLEGE, UNIVERSITY OR PROFESSIONAL SCHOOL:** (TRANSCRIPTS MAY BE REQUIRED)

| NAME OF SCHOOL | LOCATION | DATES OF ATTENDANCE (MONTH / YEAR) FROM | TO | CREDIT HOURS EARNED QTR | SEM | MAJOR / MINOR COURSE OF STUDY | TYPE OF DEGREE EARNED |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

YOUR NAME, IF DIFFERENT WHILE ATTENDING SCHOOL: _____

**JOB-RELATED TRAINING OR COURSE WORK:** (VOCATIONAL, TRADE, GOVERNMENTAL, BUSINESS, ARMED FORCES, ETC.)

| NAME OF SCHOOL | LOCATION | DATES OF ATTENDANCE (MONTH/YEAR) FROM | TO | CREDIT HOURS EARNED CLASS | CLOCK | COURSE OF STUDY | TRAINING COMPLETED? YES | NO |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |

YOUR NAME, IF DIFFERENT WHILE ATTENDING SCHOOL: _____

## LICENSURE, REGISTRATION, CERTIFICATION

EXAMPLES: Driver License, Teacher Certification, RN, LPN, PE, CPA, etc.

| LICENSE, REGISTRATION OR CERTIFICATION: | Number | Date Received | Expiration Date | State Licensing Agency |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

1

EXHIBIT D

**Declaratory judgments -- Medical records -- Copying fees -- When patient's legal representative requests copies of patient's medical records on behalf of patient, proper fee under administrative rule is $1.00 per page for first 25 pages and 25 cents for each page in excess of 25 pages, the rate applicable when a patient requests copies, not $1.00 per page fee applicable to requests from all other entities**

RUE & ZIFFRA, P.A., as legal representative of Tammy Bales, Allan Best and Karen Stella-Medina, Plaintiff, vs. HEALTH INFORMATION PROFESSIONALS, INC., Defendant. Circuit Court, 7th Judicial Circuit in and for Orange County. Case No. 2010-CA-008510-O. December 19, 2011. Julie H. O'Kane, Judge. Counsel: Luis R. Gracia, Rue & Ziffra, P.A., Port Orange, for Plaintiff. Eric V. Hires, Law Office of Eric V. Hires, LLC, Orlando, for Defendant.

ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

This cause, coming on to be heard upon Plaintiff's Motion for Summary Judgment, and the Court having reviewed legal authorities, considered the pleadings, arguments of counsel, and being sufficiently advised on the premises, hereby finds and holds as follows:

FACTS

1. The Plaintiff, Rue & Ziffra, P.A., (hereafter Rue & Ziffra) is a law firm that all times material hereto had an ongoing contractual relationship with Tammy Bales, Allan Best and Karen Stella-Medina to provide legal services to them and, as a result, had full authority to act on their behalf as their legal representative.

2. The Defendant, Health Information Professionals, Inc., (hereafter Health Information Professionals) is a corporation that provides services which include the release of medical records on behalf of medical providers to parties that request such information.

3. Ms. Bales, Mr. Best and Ms. Medina were all patients of medical providers for whom the Defendant provides release of medical information services.

4. As part of their respective cases, Ms. Bales, Mr. Best and Ms. Medina executed a release of medical records document directing Health Information Professionals to provide their medical records to Rue & Ziffra as their legal representative.

5. In responding to the request for the above mentioned records, the Defendant billed Rue & Ziffra at a rate of $1.00 per page in order to produce the records.

6. Rue & Ziffra challenged the $1.00 per page charge as excessive and contrary to the language of Rule 64B8-10.003 of the Florida Administrative Code which allows the charges to reproduce copies for patients to be no more than $1.00 per page for the first 25 pages of records and 25 cents for all pages in excess of 25.

7. Health Information Professionals stood by the $1.00 per page charge claiming that the Florida Administrative Code rule that allows charges as argued by the Plaintiff is only applicable to records provided for patients and governmental entities. Since Rue & Ziffra is neither, Health Information

Professionals argued that the applicable provision of the code, which refers to other entities requesting medical information, allows charges for medical records at a rate of $1 per page.

8. Rue & Ziffra filed a Declaratory Judgment Action pursuant to Florida Statute §86.021 in order to establish and determine the parties' rights under Rule 64B8-10.003 of the Florida Administrative Code.

PROCEDURAL POSTURE

9. On May 9th, 2011, the Plaintiff filed an amended Motion for Summary Judgment arguing that as the duly appointed legal representative of the above referenced patients, and pursuant to Rule 64B8-10.003(2) of the Florida Administrative Code, the charge for medical records should have been $1.00 for the first 25 pages of records and 25 cents for each page in excess of 25 pages.

10. In support of the above argument, Plaintiff cited the plain language of Rule 64B8-10.003(2), which in relevant part states as follows:

 (2) For patients and governmental entities, the reasonable costs of reproducing copies of written or typed documents or reports shall not be more than the following: (a) For the first 25 pages, the cost shall be $1.00 per page. (b) For each page in excess of 25 pages, the cost shall be 25 cents.

11. Plaintiff further argued the well settled principle of law that an attorney serves as an agent for his or her client. As such, the acts of an attorney are the acts of the principle, the client. Richard Bertram, Inc. v. Sterling Bank & Trust, 820 So.2d 963, 965 (Fla. 4th DCA 2002) [27 Fla. L. Weekly D1201b]. Thus, Rue & Ziffra was simply standing "in the shoes" of the patients, i.e., their clients, when it requested their medical records from the Defendant. Therefore, the law firm was not just "another entity" for purposes of Rule 64B8-10.003 of the Florida Administrative Code.

12. Finally, the Plaintiff stated that a plain reading of Rule 64B8-10.003(2) makes it clear that the determinative factor in deciding what the applicable charge for records will be depends on the party for whom the copies are being made. As Rue & Ziffra requested the medical records at issue for its clients, who are undisputedly the patients, the parties for whom the copies have been requested are the patients.

13. On May 12, 2011, Health Information Professionals filed a Response in Opposition to the Plaintiff's Motion for Summary Judgment arguing that the correct provision to be applied in the case was not subsection (2) of Rule 64B8-10.003, but subsection (3) of the same rule.

14. To summarize, Rule 64B8-10.003(3) states that for entities other than patients and governmental entities, i.e., other entities, the reasonable costs of reproducing copies of written or typed documents or reports shall not be more than $1.00 a page.

15. Based on the above, Health Information Professionals argued that since Rue & Ziffra is not the patient itself, an undisputed fact, the language of subsection (2) is inapplicable to this matter and, as another entity, the correct charge for records billed to Rue & Ziffra is $1.00 per page.

16. A hearing on Plaintiff's Motion for Summary Judgment took place on September 14, 2011, wherein the parties argued their respective positions.

CONCLUSIONS OF LAW AND RULING

17. The Florida Administrative Code provision at issue in this case is Chapter 64B8-10.003, which is titled "Costs of Reproducing Medical Records." That administrative code provision refers back to Florida Statute §456.057(18). Florida Statute, §456.057 is titled "Ownership and Control of Patient Records; Report or Copies of Records to be Furnished," and it defines the record owner as the health care practitioner who generates a medical record after essentially performing an examination of a patient.

18. Subparagraph (6) of the above section reads that any health care practitioner licensed by the department or a board within the department who makes a physical or mental examination of, or administers treatment or dispenses legend drugs to any person shall, upon request of such person or the person's legal representative, furnish, in a timely manner, without delay for legal review, copies of all reports relating to the examination.

19. Further, subparagraph (18) of that statutory section reads that a health care practitioner or records owner furnishing copies of reports or records or making the reports or records available for digital scanning pursuant to this section shall charge no more than the actual cost of copying, including reasonable staff time, or the amount specified in the administrative rule by the appropriate board, or the department when there is no board.

20. The Court also notes that Florida Administrative Code Provision 64B8-10.004 defines "legal representatives" for purposes of Florida Statute §456.057 as including the patient's attorney who has been designated by the patient to receive copies of the patient's medical records.

21. The Court, as well as the parties, has been unable to find any legislative history or other commentary on the administrative code provision that sets forth what the charges at issue in this case should be.

22. Accordingly, based on what the Court views to be a plain reading of the statute, and in order to harmonize the statute at issue with the relevant administrative code provision, the Court hereby grants Plaintiff's Motion for Summary Judgment and finds that, pursuant to Rule 64B8-10.003(2), the patients' legal representative, which in this case is their attorney, is required to pay $1.00 for the first 25 pages of records and 25 cents for each page in excess of 25 pages, and is not required to pay the charge of $1.00 per page that would be assessed for all other entities who request copies of such pursuant to Rule 64B8-10.003(3).

Based upon the forgoing it is hereby ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment is GRANTED.

The Court hereby reserves jurisdiction for the purposes of awarding costs and, if applicable, attorney's fees, to Plaintiff.