IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,

      Plaintiff,

vs.

WALTER McNEIL, et al.,

      Defendants.

Case No. 4:11-cv-45-RH-WCS

**PLAINTIFF'S TIME-SENSITIVE MOTION FOR RECONSIDERATION**

COMES NOW the Plaintiff, by and through the undersigned attorney, and moves this Court to Reconsider its Order that Plaintiff Disclose Work Product to Defendants and would further show:

1. An Order to Produce Work Product based on Waiver is a harsh remedy.

2. As a pro se litigant, Mr. McKenzie was his own representative within the meaning of Rule 26, Federal Rules of Civil Procedure, such that his thoughts and impressions were protected by work product privilege.

3. Plaintiff's act in sending records, which included thoughts and impressions, home to be stored and provided to an attorney, when retained, did not constitute a waiver of the work product privilege in itself.

4. Plaintiff's redaction of handwritten annotations of thoughts and impressions on documents produced to Defendants under Court Order was

1

not willful disobedience to the Court Order but based on an impression that such annotations were analogous to the kind of redactions typically made by state actors on documents turned over in discovery.

5. Law enforcement agencies and defendants typically redact not only home addresses, dates of birth, and Social Security Numbers but also, often, names and addresses of potential witnesses and potentially embarrassing but discoverable information. See **Exhibit A, Defendant Moore's Personnel Records Provided by Defendants**.[1]

6. Plaintiff's redaction of the materials was not willful disregard of the Court's Order but rather a misunderstanding of what was meant by production, relying on the language of Rule 26(b)(3)(B), Federal Rules of Civil Procedure, that reads: "If the court orders discovery of [trial preparation] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

7. Defendants have not proven, as required, that they "have a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means" as required by Rule 26(b)(3)(A)(ii) Federal Rules of Civil Procedure.

---

[1] It is not contended that Defendants made these redactions because they are the same as in the materials received directly from the Department of Corrections, but Defendants were entitled to an unredacted copy of their own personnel records and did not trouble to secure them.

8. Defendants remained silent regarding the redactions for nearly three

months, bringing it up only when Plaintiff complained about their failure to

provide Defendants' arrest information and financial information relevant

to punitive damages.

MEMORANDUM OF LAW

The first issue is whether a Plaintiff who has a duty to provide records to

Defendants has a duty to provide annotations of thoughts and impressions by the

Plaintiff and whether the duty to produce implies the burden to justify the redaction

of those thoughts and impressions. The second issue is whether, if the duty and the

burden are on the Plaintiff in such a case, whether the sanction of forced disclosure of

the thoughts and impressions is an excessively harsh or extreme sanction.

The Northern District of Georgia has held that a plaintiff who creates work-

product material before hiring an attorney is still permitted to take advantage of the

work-product doctrine. *Moore v. Tri–City Hospital Authority*, 118 F.R.D. 646, 649–50

(N.D.Ga.1988) (Hall, J.) We submit that, in effect, Mr. McKenzie, *pro se*, was his own

representative for purposes of Rule 26, Federal Rules of Civil Procedure, when he

wrote the thoughts and impressions redacted from the documents produced.

The burden to justify the production of work product is on the party seeking it,

not the party from which it is sought. As the Supreme Court said in Hickman:

> But the general policy against invading the privacy of an attorney's course of
> preparation is so well recognized and so essential to an orderly working of our
> system of legal procedure that a burden rests on the one who would invade that

privacy to establish adequate reasons to justify production through a subpoena or court order.

*Hickman v. Taylor*, 329 U.S. 495, 512, 67 S. Ct. 385, 394, 91 L. Ed. 451 (1947)

Work product can be divided into two types: "fact" work product and "core" work product. Core or opinion work-product encompasses the "mental impressions, conclusions, opinion or legal theories of an attorney or other representative of a party concerning the litigation," and is "generally afford near absolute protection from discovery." Fed.R.Civ.P. 26(b)(3), *In re Cendant Corp. Securities Litigation*, 343 F.3d 658, 664 (3rd Cir. 2003) (citing *In re Ford Motor Co.*, 110 F.3d 954, 962 n. 7 (3d Cir.1997)). *In re Intel Corp. Microprocessor Antitrust Litig.*, 258 F.R.D. 280, 293 (D. Del. 2008).

Opinion work product is substantially different than fact work product. As the Eastern District of Pennsylvania held:

> First, in concluding that Martin Marietta had waived the work product doctrine as to the specific materials quoted in its submissions to the government and all materials "on the same subject matter as that disclosed," the Fourth Circuit stated that "subject matter waiver ... should not extend to opinion work product." Martin Marietta, 856 F.2d at 625-26; see also Informatica Corp. v. Business Objects Data Integration, Inc., 454 F.Supp.2d 957, 963, 2006 WL 2038461, at *6 (N.D.Cal.2006) (citing In re EchoStar Communications Corp., 448 F.3d 1294, 1302 (Fed.Cir. May 1, 2006) ("*work-product waiver only extends to 'factual' or 'non-opinion' work product*")). As explained above, Householder's recollection constitutes opinion work product or commingled fact and opinion work product and, therefore, any work product protection waived by the disclosure of the White paper cannot extend to the information plaintiffs seek.

*In re Linerboard Antitrust Litig.*, 237 F.R.D. 373, 389 (E.D. Pa. 2006)(emphasis added).

Forced disclosure of opinion work product as a sanction is a harsh remedy. The "strong public policy" underlying the work-product doctrine has been

substantially incorporated in Federal Rule of Civil Procedure 26(b)(3). *Upjohn C. v. U.S.,* 499 U.S. 383, 101 S.Ct. 677, (1981).

Forced disclosure of privileged documents "is a serious sanction, but one that may be imposed only if the ... Court finds bad faith, wilfulness, or fault." *In re Teleglobe Communications Corp.,* 493 F.3d 345, 386 (3d Cir. 2007) (dealing with attorney-client privilege, citing *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Soc'y of the U.S.,* 406 F.3d 867, 877 (7th Cir.2005)). See also *Langley v. Union Elec. Co.,* 107 F.3d 510, 514 (7th Cir.1997) ("[Discovery] sanctions may only be imposed where a party displays wilfulness, bad faith, or fault.' ") (citation omitted).

Plaintiff's redaction of the materials was not willful disregard of the Court's Order but rather a misunderstanding of what was meant by production, relying on the language of Rule 26(b)(3)(B), Federal Rules of Civil Procedure, that reads: "If the court orders discovery of [trial preparation] materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

Defendants have not proven, as required, that they "have a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means" as required by Rule 26(b)(3)(A)(ii) Federal Rules of Civil Procedure.

Ordering Plaintiff to produce for the Defendants, who have never shown need, the thoughts or impressions of a pro se litigant, unprotected by a lawyer's guile,

afterward conveyed to this attorney, has the potential to do harm to Plaintiff's case and the Order to do so should be vacated.[2]

WHEREFORE, Plaintiff Moves this Honorable Court to Vacate its Order Requiring Production of Documents with Plaintiff's Annotations of Thoughts and Impressions, which was ordered as due at the end of this business day.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

I CERTIFY that I have consulted with counsel for the Defendants, pursuant to Local Rule 7.1 and counsel for the Defendants does object to this Motion.

I CERTIFY the foregoing was filed electronically on 3/1/12 and that the person noted below is registered to be notified by the CM/ECF electronic mail system:

Lance Eric Neff and Mark Hiers
Office of the Attorney General
The Capitol, PL 01
Tallahassee, FL 32399-1050
Lance.neff@myfloridalegal.com

Ginger Barry Boyd
Broad and Cassel
200 Grand Boulevard, Suite 205A
Destin, Florida 32550
gbarry@broadandcassell.com

*s/James Cook*
JAMES V. COOK

---

[2] Plaintiff has previously filed the unredacted copies of the documents with the Court under seal.

EXHIBIT A

State of Florida
Department of Corrections

## USE OF FORCE LOG

EMPLOYEE'S NAME: _MOORE, WILLIAM C_

SOCIAL SECURITY NUMBER: _

WORK LOCATION: _Columbia CT_

| DATE OF INCIDENT | BRIEF DESCRIPTION | OUTCOME | REVIEWED BY |
|---|---|---|---|
| 11-26-07 | #100648 | Approved | |
| 12-29-07 | | Approved | |
| 4-16-08 | | App. | |
| 4-16-08 | | App | |
| 6-7-08 | ell | App | |

)C2-802 (Revised 9-99))

McKenzie.653489.RFP.Personnel Files.000606

### STATE OF FLORIDA
### DEPARTMENT OF CORRECTIONS

#### COUNSELING MEMORANDUM
(Not a disciplinary action)

Date:  June 6, 2005

Employee:  William Moore          Class Title:  Correctional Officer

Department:  Security          Work Location:  Columbia C.I.

**REASON FOR COUNSELING:** A review of your attendance and leave record revealed that between October 2004 and April 2005, you've had six (6) tardies and three (3) unscheduled absences resulting from        call-ins  The specific dates for the absences were10/26/04, 11/27/04, and 12/04/04; and for the late arrivals were 12/07/04, 02/04/05, 02/11/05, 03/06/05, 03/10/05, 04/22/05.  Although the absences may have been for legitimate reasons and were approved, Management is a little more concern with your dependability to arrive at your post on time especially since you reside on state grounds. You have been previously spoken to about this to no avail.

#### CORRECTIVE INSTRUCTION GIVEN EMPLOYEE:
You are being encouraged to reduce the number of late arrivals unless extenuating circumstances prevail. It is expected that in the future, you will be more conscientious in following the rules, regulations, policies, and procedures regarding attendance and leave. Your attendance records will be monitored on an ongoing basis.  Future behavior of a similar nature may result in disciplinary action.

B. J. Jarvis          Date          William Moore          Date          Witness Signature/Date
Major                                 Correctional Officer

xc:  Personnel File

05/09/2005  12:00   3057547602          WARDENS OFFICE                    PAGE  03

 

## DEPARTMENT OF CORRECTIONS

### INCIDENT REPORT

| | | | |
|---|---|---|---|
| **REPORTING INSTITUTION:** | COLUMBIA C.I. | **INCIDENT REPORT NUMBER:** | 200500522 |
| | | **PREA NUMBER:** | N/A |
| **REPORTING OFFICER:** | W.M. DOWLING, LT. | **DATE OF INCIDENT:** | 4/26/05 |
| **PERSON(S) INVOLVED:** | W. MOORE, C.O. | **TIME OF INCIDENT:** | 10:05 A.M. |
| | | **WITNESS(ES):** | |

**DETAILS OF INCIDENT:**   AT APPROXIMATELY 10:05 A.M. ON 4/26/05 WHILE ASSIGNED AS ADMINISTRATIVE LIEUTENANT AT THE MAIN UNIT, I WAS REVIEWING THE REPORTS OF UNSCHEDULED ABSENCE/LATE ARRIVALS, WHEN I NOTICED THAT OFFICER WILLIAM MOORE, ASSIGNED TO THE ADMINISTRATIVE SHIFT IN FOOD SERVICE, HAD A TOTAL OF NI NE UNSCHEDULED ABSENCES IN A SIX MONTHS PERIOD BETWEEN 10/26/04 AND 4/22/05. OFFICER MOORE CALLED IN          THREE TIMES AND WAS LATE FOR WORK SIX TIMES. OFFICER MOORE CALLED IN ;          ON 10/26/04, 11/27/04, AND 12/4/04. OFFICER MOORE WAS LATE FOR WORK 12/7/04, 2/4/05, 2/11/05, 3/6/05, 3/10/05 AND 4/22/05. I HAVE SPOKEN TO OFFICER MOORE ABOUT THE IMPORTANCE OF BEING AT WORK ON TIME AS INDICATED ON THE ATTACHED UNSCHEDULED ABSENCE FORMS, BUT TO NO AVAIL.

_W. M. Dowling_   4/27/05

W.M. DOWLING, LIEUTENANT              DATE
REPORTING EMPLOYEE

**SHIFT O.I.C.**
**COMMENT:**     OFFICER MOORES' NINE UNSCHEDULED ABSENCE/LATE ARRIVALS IN THE LAST SIX MONTHS IS CLEARLY SUBSTANDARD. OFFICER MOORE LIVES ON STATE PROPERTY IN THE TRAILER PARK AND HAS BEEN LATE FOR WORK SIX TIMES IN A LITTLE OVER FOUR MONTHS. FORWARDED FOR APPROPRIATE ACTION.

_W. M. Dowling_   4/27/05

W.M. DOWLING, LIEUTENANT              DATE
OFFICER IN CHARGE

**REVIEW:**   I Recommend this Issue be reviewed by "Work Force Compliance" for any action deemed appropriate

_(signature)_   5/4/05

CORRECTIONAL OFFICER CHIEF              DATE

**REVIEW:**   Noted.
Referred to Personnel, Major Service Center,
for review/action deemed appropriate.

_Steven F. Singer_   5/9/05

WARDEN                               DATE

DC6-210 (Revised 4/05)              Page 1 of 2

**EXHIBIT A, PAGE 3**

McKenzie.653489.RFP.Personnel Files.000608

05/09/2005  12:00   3867547502               WARDENS OFFICE               PAGE   12

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL**

**IMPORTANT:**   PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**   **W. MOORE**

**CLASS TITLE:**   **CORRECTIONAL OFFICER**   **SHIFT ASSIGNMENT:**   **ADMIN**

**PART I:**   **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report: ABSENCE     ☒LATE ARRIVAL
Time of Call:  **6:15AM**               Date:   **April 22, 2005**

Name and Title of Employee Receiving Call   *No Call*

**PART II:**   **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:          ABSENT      ☐LATE ARRIVAL       ☐ABSENT W/O NOTICE
Time of Late Arrival:
Employee's Regular Days Off        ☒SU ☒M ☐T ☐W ☐TH ☐F ☐SA
Was Employee Contacted on Date of Absence?      ☐YES        ☒NO

If Yes, Instructions Given:
Status of Leave:   ☐ APPROVED   ☒ DISAPPROVED
Type of Leave   *LLWOP*          Reason for Leave:  *no call*

COMMENTS: *Officer W. Moore has a extremely long history*
*of being late for work. Incident report to follow*

*Signature of Immediate Supervisor*        *Title*        4-22-05  Date

**PART III:**   **REVIEW BY DEPARTMENT HEAD**

*Signature of Department Head*        ~~MAJOR~~ Title        4-26-05 Date
COMMENTS:

DC2-836 (10/03)
1 of 3

EXHIBIT A, PAGE 4        McKenzie.653489.RFP.Personnel Files.000609

05/09/2005  12:00    3867547502            WARDENS OFFICE              PAGE  11

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**    PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**                    W.C. MOORE

**CLASS TITLE:**         OFFICER        **SHIFT ASSIGNMENT:**    ADMIN.

**PART I:**        NOTIFICATION OF UNSCHEDULED ABSENCE:

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT SUPERVISOR,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:    ☐ABSENCE    ☒LATE ARRIVAL
Time of Call:         NO CALL           Date:   MARCH 10, 2005
Name and Title of Employee Receiving Call   CAPTAIN. R. ELLZEY   _Ra_
COMMENTS:   OFFICER FAILED TO REPORT FOR DUTY. OFFICER WAS CALLED AT 4:05AM
AND THERE WAS NO ANSWER. OFFICER FINALLY ARRIVED AT 4:57AM.

**PART II:**      REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR

Employee Was:      ☐ABSENT      ☒LATE ARRIVAL      ☐ABSENT W/O NOTICE
Time of Late Arrival:
Employee's Regular Days Off      ☐SU ☐M ☐T ☐W ☐TH ☐F ☐SA
Was Employee Contacted on Date of Absence?      ☐YES       ☒NO

If Yes, Instructions Given:
Status of Leave:      ☐ APPROVED      ☐ DISAPPROVED
Type of Leave                         Reason for Leave:  _over slept_
COMMENTS:  _Officer W. Moore has a long history of_
_being tardy. I have talked to them about the before_
_W. ____                      ____              3-22-05_
Signature of Immediate Supervisor          Title                    Date

**PART III:**      REVIEW BY DEPARTMENT HEAD
_Mr. W. ____                  ____              3-22-05_
Signature of Department Head               Title                    Date
COMMENTS:

DC2-836 (Revised 7/04)

1 of 2

EXHIBIT A, PAGE 5                                    McKenzie.653489.RFP.Personnel Files.000610

05/09/2005  12:00    3867547502          WARDENS OFFICE          PAGE  10

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**   PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**   X. MOORE , W

**CLASS TITLE:**   OFFICER                **SHIFT ASSIGNMENT:**  FIRST

**PART I:**         **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY, OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:   ☐ABSENCE    ☒LATE ARRIVAL

Time of Call: 11:55PM .          Date:   03-06-2005

Name and Title of Employee Receiving Call  R. ELLZEY, CO CAPTAIN

COMMENTS:   LATE ARRIVAL APPROXIMATELY 15 MINS.

**PART II:**      **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:      ☐ABSENT         ☐LATE ARRIVAL         ☐ABSENT W/O NOTICE

Time of Late Arrival:

Employee's Regular Days Off        ☐ SU ☐ M ☐ T  ☐ W ☐ TH ☐ F  ☐ SA

Was Employee Contacted on Date of Absence?    ☐YES          ☐NO

If Yes, Instructions Given:

Status of Leave:     ☐ APPROVED      ☐ DISAPPROVED

Type of Leave        AL          Reason for Leave:   _Late_

COMMENTS:   _followed procedure_

K. S. Ellzey              Capt              3-07-05
Signature of Immediate Supervisor        Title              Date

**PART III:**     **REVIEW BY DEPARTMENT HEAD**

_____              _____              3-7-05
Signature of Department Head              Title              Date
COMMENTS:

DC2-836 (10/03)

1 of 2

EXHIBIT A, PAGE 6                          McKenzie.653489.RFP.Personnel Files.000611

05/09/2005 12:00    3867547602    WARDENS OFFICE    PAGE  09

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**   PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**   W. MOORE

**CLASS TITLE:**   OFFICER          **SHIFT ASSIGNMENT:**  ADMIN

**PART I:**          **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY, OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:     ☐ABSENCE     ☒LATE ARRIVAL
Time of Call: 04:00AM                          Date:   FEBRUARY 11, 2005
Name and Title of Employee Receiving Call   CAPTAIN J.C. STEPHENS
COMMENTS:   WILL BE ARRIVING LATE, (ARRIVED AT 4:25 AM).

---

**PART II:**    **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:     ☒ABSENT     ☒LATE ARRIVAL     ☐ABSENT W/O NOTICE
Time of Late Arrival:

Employee's Regular Days Off        ☐SU ☐M ☐T ☐W ☐TH ☐F ☐SA
Was Employee Contacted on Date of Absence?     ☐YES          ☒NO

If Yes, Instructions Given:

Status of Leave:     ☐ APPROVED     ☐ DISAPPROVED
Type of Leave _____          Reason for Leave: _____

COMMENTS:   _he has a long history of being late. I counseld_
_with officer Moore last week about ariving late to no avail_

Signature of Immediate Supervisor          Title          2-15-05
                                                          Date

**PART III:**    **REVIEW BY DEPARTMENT HEAD**

Signature of Department Head          Title          2-15-05
                                                    Date
COMMENTS:

DC2-836 (10/03)

1 of 2

EXHIBIT A, PAGE 7

McKenzie.653489.RFP.Personnel Files.000612

05/09/2005  12:00   3867547502          WARDENS OFFICE              PAGE  08

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**   PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**  W. MOORE

**CLASS TITLE:**   CORRECTIONAL OFFICER   **SHIFT ASSIGNMENT:**   **ADMIN**

**PART I:**        **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

☐ Employee is Calling To Report:  ABSENCE      XXLATE ARRIVAL
Time of Call: _____      Date:   FEBRUARY 4, 2005

Name and Title of Employee Receiving Call   CAPTAIN J. STEPHENS

COMMENTS:   DID NOT CALL

**PART II:**   **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:      ABSENT      ☑XLATE ARRIVAL      ☐ABSENT W/O NOTICE
Time of Late Arrival:  4:35AM

                    ☐ SU ☐ M ☐ T ☐ W ☐ TH ☐ F ☐ SA

Was Employee Contacted on Date of Absence?    ☐YES      ☐NO

If Yes, Instructions Given:

Status of Leave:    ☐ APPROVED    ☑ DISAPPROVED

Type of Leave                   Reason for Leave:

COMMENTS:   *did not follow procedure*

_____        _____   2-7-05
Signature of Immediate Supervisor         Title        Date

**PART III:**   **REVIEW BY DEPARTMENT HEAD**

_____        _____   2-7-05
Signature of Department Head         Title        Date
COMMENTS:

DC2-836 (10/03)
                            1 of 2

EXHIBIT A, PAGE 8                    McKenzie.653489.RFP.Personnel Files.000613

05/09/2005  12:00   3867547502          WARDENS OFFICE                        PAGE  04

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**     PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
                   FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**   W. MOORE

**CLASS TITLE:**     CORRECTIONAL OFFICER          **SHIFT ASSIGNMENT:**  ADMIN

**PART I:**          NOTIFICATION OF UNSCHEDULED ABSENCE:

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:       ☒ ABSENCE        ☐ LATE ARRIVAL
Time of Call:  03:30AM                        Date:   10/26/04
Name and Title of Employee Receiving Call  R.L. ELLZEY, CAPTAIN
COMMENTS:

**PART II:**     REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR

Employee Was:        ☒ ABSENT          ☐ LATE ARRIVAL          ☐ ABSENT W/O NOTICE
Time of Late Arrival:

                        ☐ SU ☐ M ☐ T  ☐ W ☐ TH ☐ F  ☐ SA

Was Employee Contacted on Date of Absence?       ☐ YES            ☐ NO

If Yes, Instructions Given:
Status of Leave:     ☑ APPROVED       ☐ DISAPPROVED
Type of Leave        _SL_             Reason for Leave:  _NR_

COMMENTS:

Signature of Immediate Supervisor               Title                     Date  _10-26-04_

**PART III:**    REVIEW BY DEPARTMENT HEAD

Signature of Department Head                    Title                     Date  _10-26-04_
COMMENTS:

DC2-836 (10/03)
                                          1 of 2

McKenzie.653489.RFP.Personnel Files.000614

05/09/2005 12:00 3867547502       WARDENS OFFICE       PAGE 05

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**
**REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL**

**IMPORTANT:**     PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
FORM. <u>PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.</u>

**EMPLOYEE NAME:** W. MOORE

**CLASS TITLE:**     **OFFICER**       **SHIFT ASSIGNMENT:** ADMIN/FS

**PART I:**     <u>NOTIFICATION OF UNSCHEDULED ABSENCE:</u>

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:    ☒ABSENCE    ☐LATE ARRIVAL
Time of Call: 4:35AM       Date:   NOVEMBER 27, 2004
Name and Title of Employee Receiving Call   CAPTAIN J.C. STEPHENS
COMMENTS:

**PART II:**     <u>REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR</u>

Employee Was:    ☒ABSENT     ☐LATE ARRIVAL     ☐ABSENT W/O NOTICE
Time of Late Arrival:

Employee's Regular Days Off     ☒SU ☒M ☐T ☐W ☐TH ☐F ☐SA

Was Employee Contacted on Date of Absence?    ☐YES    ☒NO

If Yes, Instructions Given:

Status of Leave:    ☒ APPROVED    ☐ DISAPPROVED
Type of Leave     _Sick_     Reason for Leave: _Sick_

COMMENTS: _Employee approved however this absence is_
_in conjunction with his regular days off_

_____     _____     11-27-04
Signature of Immediate Supervisor       Title       Date

**PART III:**     <u>REVIEW BY DEPARTMENT HEAD</u>

_____     _____     11-29-04
Signature of Department Head       Title       Date
COMMENTS:

DC2-836 (10/03)

1 of 2

EXHIBIT A, PAGE 10

McKenzie.653489.RFP.Personnel Files.000615

05/09/2005  12:00   3867547502          WARDENS OFFICE                    PAGE  06

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**   PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING
FORM. PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.

**EMPLOYEE NAME:**  W. MOORE

**CLASS TITLE:**    OFFICER                    **SHIFT ASSIGNMENT:**  ADMIN

**PART I:**       **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT OIC ON DUTY,
OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:    ☒ABSENCE      ☐LATE ARRIVAL
Time of Call: 04:30AM                    Date:   DECEMBER 4, 2004

Name and Title of Employee Receiving Call   CAPTAIN J. C. STEPHENS

COMMENTS:

**PART II:**   **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:      ☒ABSENT        ☐LATE ARRIVAL        ☐ABSENT W/O NOTICE
Time of Late Arrival:

Employee's Regular Days Off      ☒SU ☒M  ☐T   ☐W  ☐TH ☐F   ☐SA

Was Employee Contacted on Date of Absence?      ☐YES        ☐NO

If Yes, Instructions Given:

Status of Leave:    ☒ APPROVED      ☐ DISAPPROVED

Type of Leave    _NLK_        Reason for Leave:   _Sick_

COMMENTS:  _followed procedure however this absence is_
_in conjunction with regular days off_

_____           _____           _12-6-04_
Signature of Immediate Supervisor         Title            Date

**PART III:**   **REVIEW BY DEPARTMENT HEAD**

_____           _____           _12-6-04_
Signature of Department Head         Title            Date
COMMENTS:

DC2-836 (10/03)
                                         1 of 2

EXHIBIT A, PAGE 11                        McKenzie.653489.RFP.Personnel Files.000616

05/09/2005  12:00   3867547502                    WARDENS OFFICE                      PAGE  07

## STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
## REPORT OF UNSCHEDULED ABSENCE /LATE ARRIVAL

**IMPORTANT:**    PLEASE REVIEW INSTRUCTIONS ON REVERSE SIDE PRIOR TO COMPLETING FORM. <u>PLEASE DO NOT LIST ANY MEDICAL INFORMATION ON THIS FORM.</u>

**EMPLOYEE NAME:**  W. Moore

**CLASS TITLE:**    C.O.                          **SHIFT ASSIGNMENT:**  Admin

**PART I:**          **NOTIFICATION OF UNSCHEDULED ABSENCE:**

(TO BE COMPLETED BY THE EMPLOYEE'S IMMEDIATE SUPERVISOR, THE SHIFT SUPERVISOR, OR THE EMPLOYEE DESIGNATED TO RECEIVE REPORTS OF UNSCHEDULED ABSENCE)

Employee is Calling To Report:      ☐ABSENCE    ☒LATE ARRIVAL
Time of Call:  4:15 AM                      Date:   December 7, 2004

Name and Title of Employee Receiving Call   Captain G. M. Brannen

COMMENTS:    Sergeant B. Reddick Called Officer W. Moore at 4:15am.  Officer W. Moore Reported for

Duty at 4:30AM

**PART II:**    **REVIEW BY EMPLOYEE'S IMMEDIATE SUPERVISOR**

Employee Was:      ☐ABSENT        ☒LATE ARRIVAL          ☐ABSENT W/O NOTICE
Time of Late Arrival:

Employee's Regular Days Off        ☒SU ☒M ☐T ☐W ☐TH☐F ☐SA

Was Employee Contacted on Date of Absence?      ☐YES        ☒NO

If Yes, Instructions Given:

Status of Leave:      ☐ APPROVED      ☒ DISAPPROVED

Type of Leave                      Reason for Leave:

COMMENTS:      *did not follow procedure*

Signature of Immediate Supervisor              Title                      12-8-04 Date

**PART III:**    **REVIEW BY DEPARTMENT HEAD**

Signature of Department Head                  Title                      12-8-04 Date
COMMENTS:

DC2-836 (Revised 7/04)

1 of 2

McKenzie.653489.RFP.Personnel Files.000617

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

## WRITTEN REPRIMAND

Date: _____ April 6, 2004 _____

To: _____ William C. Moore _____   Class Title: _Correctional Officer_
                  Employee Name

Department: _____ Security _____   Work Location: _Columbia CI_____
Length of Service: 8 months

**Written Reprimand #__1___**   Conduct Unbecoming a Public Employee

On or about August 23, 2003 you were arrested by the Columbia County Sheriff's Office
for Disorderly Intoxication and Resisting an Officer without Violence. On October 16,
2003 you appeared in Columbia County Court and entered a plea of Nolo Contendere to
the charge of Disorderly conduct and was adjudicated guilty. You were sentenced to one
day in the county jail with credit for time served and fined $50.00.

Your conduct violated DMS Rule 60L-36.005 (3)(f), Chapter 33-208.002 (4)(a) and 33-
208.003 (22), Florida Administrative Code (F.A.C.).

Actions of this nature cannot and will not be tolerated. Future violations of this nature
may result in further and possibly more severe disciplinary action.

Reprimanding Authority's Signature _____ 4/8/04 _____   _William C. Moore_ co 4-8-04
                                              Date    Employee's Signature          Date

cc: Personnel File

McKenzie.653489.RFP.Personnel Files.000618



Florida Department Of Corrections
Office of the Inspector General
Investigative Report – Short Form Addendum



**Classification of Incident:** Employee Arrest
**Class Code:** 26O
**Incident Date:** 08/22/2003                **Time:** 0007 hours
**Assigned Date:** 08/26/20039
**Report Date:** 10/27/2003
**Dept. of Corrections Region:** II

**Case Number:**
**Field Office:** Gainesville
**Facility:** 201-Columbia
**Inspector:**
**Original Case Type:** C
**Downgrade to:**

| | Name | Title / DC # | D.O.B. | S.S.N |
|---|---|---|---|---|
| **Complainant:** | | Corrections Captain | 05/11/1950 | |
| **Victim:** | State of Florida | | | |
| **Witness:** | | Columbia County Deputy'Sheriff | | |
| | | | | |
| | | | | |
| **Subject:** | Moore, William | Correctiona Officer Trainee | 11/01/1978 | |
| | | | | |
| | | | | |

RECEIVED
OCT 2 9 2003
OFFICE OF THE INSPECTOR GENERAL
GAINESVILLE FIELD OFFICE

FEB **1 9** 2004

Page 1 of 2

EXHIBIT A, PAGE 14

McKenzie.653489.RFP.Personnel Files.000619




# Florida Department Of Corrections
## Office of the Inspector General
### Investigative Report – Short Form Addendum

**Arrest:** ☒ **Employee** ☐ **Inmate** ☐ **Other**
**Charges:** F.S.S. 856.011, Disorderly Conduct,

☐ **Felony**   ☒ **Misdemeanor**
**Date of Arrest:** 08/22/2003

☐ **Guilty**   ☐ **Addendum Pending**
☐ **Not Guilty**
☒ **Nolo Contendere**
☐ **P.T.I.**
☒ **Other (explanation):** Adjudicated Guilty
**Date Reported:** 10/16/2003

**Sentence of Court / Agreement:** One day County Jail with credit for time served, $50.00 fine

| Administrative Violation(s): F.A.C 33-208.002 (4)(a) Conduct Unbecoming |
|---|

| **Classification:** | ☐ **Not Sustained** | ☐ **Exonerated** | ☒ **Sustained** |
|---|---|---|---|

**Case Summary Continued:**
On August 23, 2003 Columbia County Sheriff's Deputy ____ arrested Correctional Officer William Moore. According to Columbia County Sheriff's Office report ____, ____ Deputy ____ indicated the following:

Upon his arrival he found Officer Moore being held by a Rumor's Bar employee. When confronted by Deputy ____ and told to identify himself, Officer Moore stated, "I ain't telling you shit." Officer Moore began to yell and "cuss" at the deputy, causing a small crowd to gather. As Deputy ____ attempted to handcuff Officer Moore he pulled away twice, before being taken into custody.

On October 16, 2003 Correctional Officer William Moore appeared in Columbia County Court in reference to case number ____ .. Officer Moore pled Nolo Contendre to the charge of Disorderly Conduct and was adjudicated guilty. He received one day in the county jail with credit for time served and fined $50.00.

| **Incident Class:** Employee Arrest | **Facility:** 201-Columbia CI | **Case Number:** |
|---|---|---|

| **Evidence:** ☐ **Weapon** ☐ **Drugs** ☐ **Other** **Describe:** |
|---|

| **Other Agency Case Number:** Columbia CountySheriff's Officer | **Number of Attachments:** Three (3) |
|---|---|

| **UCR Classification:** | ☐ **CBA** | ☐ **Cleared by Exception** | ☐ **Open Pending** |
|---|---|---|---|

_____ **Inspector**               10/27/2003 **Date**

_Mahnel Bryan_ for **Inspector Supervisor**   2/17/04 **Date**

_R. a. [signature]_ for **Chief Inspector**   2/19/04 **Date**

EXHIBIT A, PAGE 15

McKenzie.653489.RFP.Personnel Files.000620

## JUDGMENT & SENTENCE / ORDER OF PROBATION / FINES & COSTS

STATE V. _William Moore_     CASE NO: _____

Date of Birth: _____    Race: _CO_   Sex: _M_

The Defendant, being personally before the Court _____ unrepresented by counsel ✓ represented by his/her attorney

of record _Vern_ _____ 2 _____; the State being represented by

Assistant State Attorney _RO_ _____ _m_ ___, and the defendant:

_____ been found guilty by _____ a jury _____ by the Court in a non jury trial of:

✓ entered a plea of _____ guilty _____ nolo contendere to the following offense(s):

| COUNT | OFFENSE | F.S. NO. | DEGREE |
|-------|---------|----------|--------|
| I | Disorderly Conduct | 856.011 | M2 |
|   |   |   |   |
|   |   |   |   |

✓ and no good cause having been shown why the defendant should not be Adjudged Guilty

_____ and good cause having been shown why the defendant should not be adjudged guilty, it is hereby ordered that:
Adjudication of Guilt is Withheld as to Count (s):

✓ The Defendant is Adjudicated Guilty as to Count (s): _____ I

The Court having given the Defendant an opportunity to be heard, to offer matters in mitigation of sentence, and to show cause why the defendant should not be sentenced as provided by law, and no cause being shown it is the sentence of the Court that:

✓ The defendant shall be committed to the custody of the Sheriff of Columbia County for a term of incarceration in the County

Detention Center of _1 day_

✓ with credit for time served of _1_ days from _8-23-03_ to _____

_____ Followed by a term of probation on Count (s) _____ as set forth hereinbelow.

_____ The sentence imposed for Count (s) _____ is _____ consecutive _____ concurrent

to _____ and _____ consecutive _____ concurrent to any active sentence being served.

_____ Work release is authorized if Detention Center Criteria is met.

_____ The incarceration may be served in consecutive weekly installments of 48 hours from _____ on _____ to

_____ on _____ beginning on _____ 20 _____

**EXHIBIT A, PAGE 16**

CASE NO: ⚫ ⚫

_____ **SALVATION ARMY CORRECTIONS**        _____ **WAINWRIGHT JUDICIAL SERVICES**

The Court places you on _____ supervised _____ unsupervised Probation for:

_____ on Count(s) _____ and orders that you abide by the following conditions of probation.

1.  You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary for the court to find a violation of your probation.
2.  You will not use intoxicants to excess, nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.
3.  You will work diligently at a lawful occupation and support dependents to the best of your ability or attend school regularly.
4.  You will obey and fulfill all additional obligations as the Court orders.
5.  You will not change your residence or employment without first procuring the consent of your probation officer.
6.  You will promptly and truthfully answer all inquiries directed to you by the Court or the probation officer, and allow the officer to visit in your home, employment site or elsewhere, and you will comply with all instructions he/she may give you.
7.  Once a month, on the date assigned by your probation officer, you will make a full and truthful report to your probation officer.
8.  You will pay cost of supervision at a rate of $40.00 monthly.
9.  Other: _____

Courts Costs: _____ Fine(s): _____ Surcharge: (5%): _____

Court Facility Fee: _____ DUI Surcharge: _____ Drug/Alcohol Fee: _____

DV Fee: _____ PD Fee: _____ SAO WBC Fee: _____ FTA Costs: _____

Restitution in the amount of $ _____ to _____

Total of $ _____ to be paid by/within _____ in equal monthly payments of $ _____
_____ Show Proof of payments made to the Clerk of Court by/within _____

Community Service may be _____ performed in lieu of fines _____ paid at a rate of $ _____ per hour. Within

_____ No contact _____ No unlawful or harassing contact with: _____
_____ DO NOT go within _____ feet of victim (s) residence or employment.

_____ Salvation Army Work Program _____ days, beginning _____

_____ Community Service Hours _____      Substance Abuse Counseling      _____ B.I.P. Enroll within _____ days
_____ within _____      Random urinalysis      _____ Anger Mgmt Enroll w/in _____ days

_____ Shoplifting Course Enroll/Complete within _____
_____ Stay out of: _____

_____ Driver's License Suspended _____ Months/Years
_____ Produce Valid DL within _____ days/months _____ days/months of becoming eligible.

_____ Attend appropriate DUI School---Enroll by/within _____
_____ Impound vehicle _____ days _____
_____ Other: 450.00 Incarceration Fee Due by 10-30-03

**DONE AND ORDERED, in Lake City, Columbia County, Florida on** 10-16 , 20 03

_____
**Defendant**                                    Tc

un Date:10/13/2003
   JUDGE: TOM COLEMAN                    Clerk:LYNDA BA███MISDEMEANOR

   COURT REPORTER: _____ *Taped* _____        BAILIFF: _____
   PRETRIAL CONFERENCE              10/16/2003

   MOORE, WILLIAM CLATON
   DEFENDANT                             STATE ATTORNEY

   _____      ___ ▔▔▔▔ L __
   PROBATION AND PAROLE OFFICER    PUBLIC DEFENDER/COUNSEL

   CASE #                                      OFFENSE
   COUNT  CHARGE                               STATUTE    DEGREE PLEA
   C-001  DISORDERLY INTOXICATION              856011     M        */10/0*

   *(pled to Dis. Conduct)*

____WAIVED COUNSEL  _____ Transfer to Felony _____Ready for Trial
____Public Defender Appointed       _____ Speedy Trial WAIVED
____Case Continued/Passed by:_____Return Date:_____
**YOU MUST APPEAR FOR ALL COURT DATES UNLESS EXCUSED BY THE JUDGE**
____Non Jury Pretrial _____Non Jury Trial_____
____Pretrial___ -___ -03 1:30 PM/Pretrial Status Conf.___-___-03 1:30 PM
____Jury Selection:_____Trial Dates: _____
____Civil Hearing: _____
____Motion to Suppress _____       __Motion to Dismiss _____
____REINSTATE PROBATION ____Same Terms and Conditions _____
____REVOKE PROBATION _____
____Salvation Army Work Prog to begin_____
____COUNTY JAIL _____/_____days credit _____
____Case Referred to PTI
____Issue Rule to Show Cause _____Motion for JOA _____
____DISMISSED            _____Defendant found NOT GUILTY by JUDGE
____NOLLE PROSEQUI Ct(a) _____
____Failure to Appear: ISSUE CAPIAS---BOND SET---$ _____

_____Estreat Bond
_____TAKE CASH BOND __Release Cash Bond _____to _____
_____Fines and Costs to be paid from cash bond--Release balance of cash
ond to _____
_____Convert all monetary obligations to CIVIL LIEN

_____        DONE AND ORDERED:
Defendant's Signature

_____        _____
EPUTY CLERK                          Tom Coleman, County Judge

 Florida Department Of Corrections
Office of the Inspector General
Investigative Report – Short Form 

**Classification of Incident:** Employee Arrest/Disorderly Intoxication    **Case Number:**
**Field Office:** Gainesville
**Class Code:** 26O
**Incident Date:** 08/22/2003    **Time:** 0007 hours    **Facility:** 201-Columbia CI
**Assigned Date:** 08/26/2003    **Inspector:** J
**Report Date:** 08/28/2003    **Original Case Type:** C
**Dept. of Corrections Region:** II    **Downgrade to:**

| | Name | Title / DC # | D.O.B. | S.S.N. |
|---|---|---|---|---|
| **Complainant:** | C | Correctional Captain | 05/11/1950 | |
| **Victim:** | State of Florida | | | |
| **Witness:** | | unty Deputy Sheriff | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Subject:** | Moore, William | Correctional Officer Trainee | | |
| | | | | |
| | | | | |
| | | | | |

**Justification: (Downgrade)**
- ☐ Lack of investigative leads.
- ☐ Management Issue – Facts known.
- ☐ State Attorneys Office declines prosecution. (No I.G. Investigative concerns)
- ☐ Victim refuses to assist with investigation.
- ☐ Other Law Enforcement Office handling. (Arrest at DC facility)
- ☐ Duplicate case.
- ☐ Non-certified employee resigned.
- ☐ M.O.U. Investigation.
- ☐ Grievance Issue.
- ☐ Other (explanation):

**Exoneration:**
- ☐ Incident occurred, however, the employee's actions were justified, lawful, and proper. (Explain in detail in summary)
- ☐ Incident occurred, however, it was an approved use of force.
  UOF Case Number:      Date Approved:
- ☐ Complainant admits to making false allegations.
- ☐ The accused employee was not involved in the incident.
- ☐ The incident did not occur.
- ☐ Policy failure of the directive, order or policy the employee followed.

RECEIVED
OFFICE OF THE INSPECTOR GENERAL
GAINESVILLE FIELD OFFICE
SEP 11 2003

RECEIVED
Department of Corrections
SEP 16 2003
Office of the Inspector General
State Investigations




Florida Department Of Corrections
Office of the Inspector General
Investigative Report – Short Form

| Incident Class: Employee Arrest/Disorderly. Intoxication | Facility: 201 Columbia CI | Case Number: 0_ _ .... |
|---|---|---|

| Arrest: ☒ Employee ☐ Inmate ☐ Other | ☐ Guilty   ☒ Addendum  Pending |
|---|---|
| Charges: F.S.S. 856.011, Disorderly Intoxication and F.S.S. 843.02, Resisting an Officer Without Violence. | ☐ Not Guilty |
| | ☐ Nolo Contendere |
| | ☐ P.T.I. |
| ☐ Felony          ☒ Misdemeanor | ☐ Other (explanation): |
| Date of Arrest: August 22, 2003 | Date Reported: |

Sentence of Court / Agreement:

**Administrative Violation(s):**

| Submitted to the S.A.O. | ☐ Yes | ☒ No |
|---|---|---|

| Classification: | ☐ Not Sustained | ☐ Exonerated | ☐ Sustained |
|---|---|---|---|

**Case Summary:**
On August 23, 2003 Correction Officer Trainee William Moore reported to Captain ；          that he had been arrested early that morning for disorderly intoxication and resisting an officer without violence. Columbia County Sheriff's Office incident report/arrest report NR. 2003-027060 indicated that William Moore was arrested on August 28, 2003 for the above listed offenses.

Once the courts render a final decision in this case, an addendum to this investigation will be submitted.

| Evidence: ☐ Weapon ☐ Drugs ☐ Other   Describe: |
|---|
| Other Agency Case Number: Columbia County Sheriffs's Office incident/arrest report #20'   ）60 | Number of Attachments: ONE (1) |

| UCR Classification: | ☐ CBA | ☐ Cleared by Exception | ☐ Open Pending |
|---|---|---|---|

I_____I Inspector                      August 28, 2003  **Date**

_Mirhaed Beem_  Aci^M  Inspector Supervisor        9/11/03   **Date**

_E-G- Abail_  Chief Inspector                 9/16/03  **Date**

**OFFENSE INCIDENT REPORT**

**Columbia County Sheriff's Office**

| Offense / Type / Description |
|---|
| #1 3  Disorderly Intoxication |
| #2 3  Resisting /opposing officer w/o |

Incident Location: Lake City 32055   Zone 4

Victim: THE STATE OF FLORIDA

Witness: MOORE William Clayton

NARRATIVE:

On 8-23-03 I responded to Rumors Bar in reference to a disturbance. Upon my arrival I discovered that Rumors employee _____ was detaining William Moore on the ground in the parking lot. I then asked Moore to stand up and tell me his name. Moore then stood up and told me "I ain't telling you shit!". Moore then started yelling and cussing at me. Cousins a small crowd to gather around us. I then attempted to place handcuffs on Moore but he pulled away from me two times before I was successful. I then placed Moore into my patrol car and advised dispatch to have EMS.

Report Contains: Face Sheet, Supplement, Witness Statement

Officer: M. Feofas

8-23-03

McKenzie.653489.RFP.Personnel Files.000626

Columbia County Sheriff's Office

Disorderly Intox.

01012131013

enroute to my location due to a small abrasion on Moore's forehead. While in my patrol car Moore continued to yell obscenities at me and other bar customers who walked by.

_____ advised me that Moore had become angry when he was asking him to leave. _____ said that Moore charged at him two separate times and he had to place them on the ground to control him. _____ told me that Moore's abrasion on his forehead was from him holding Moore on the ground.

Moore had a strong odor of alcoholic beverages on his breath, had bloodshot watery eyes and speech was slurred. Moore was also having trouble standing upright as EMS was treating his minor scratches. From my training and experience I believe that Moore was intoxicated while causing this disturbance.

After Moore recieved medical treatment, he was transported to CCDC without incident.

EXEMPT FROM
PUBLIC RECORDS

Supplement

R-23-03