UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DARRYLL JOEL McKENZIE,**

    **Plaintiff,**

v.                                  Case No.: 4:11-CV-45-RH-WCS

**WALTER MCNEIL, et al.,**

    **Defendants.**
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
TIME-SENSITIVE MOTION FOR RECONSIDERATION**

    Defendants **William Moore**, **Kenneth Roundtree**, **Jason Stephens**, and **Timothy Ford III**, through undersigned counsel, respond in opposition to Plaintiff's motion (DE 68) and state the following:

    1.    The instructions of this Court's Order on the Motion to Compel were crystal clear and stated,

> By December 9, 2011, the plaintiff must (a) make available to the defendants' attorney for inspection and copying the "about 500 pages" identified in his response to production requests 2 and 10, or (b) agree with the defendants' attorney on a reasonable time and place for making the documents available, or (c) **file a response to the motion to compel the production of these documents.**

(DE 34 at 4) (emphasis added)  Thus, if Plaintiff thought he had a valid objection to the Court's order to produce the "about 500 pages" of documents, he was required to object by December 9, 2011.  Plaintiff failed to file such an objection and has waived any privilege he may have had.

    2.    It is unreasonable to believe that one may redact documents ordered to be produced where the order compelling the production of those documents plainly states that if Plaintiff had an objection to production, he had to file an objection.  Absolutely nothing in the

1

Court order can reasonably be read as allowing redaction of documents without approval from the Court.

3.   What was or was not redacted from Officer's Moore files is irrelevant to this issue. Plaintiff failed to bring any redaction issue to the undersigned's attention until 2/22/12 as can be seen in the email traffic. (DE 55-1 at 29)

## MEMORANDUM OF LAW

Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity [and] *[a]ny ground not stated in a timely objection* [i.e., thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33...." Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. See In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). This is so even though a party had an objection to make. See Jaffe v. Grant, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (stating objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product); see also Mann v. Island Resorts Development, Inc., No. 3:08cv297/RS/EMT, 2009 WL 6409113, at *2 (N.D.Fla. Feb. 27, 2009).

Here, Plaintiff failed to timely object as contemplated in this Court's order. (DE 34 at 4) Thus, he has waived any objection. See Jaffe v. Grant, 793 F.2d 1182, 1190 n. 6 (11th Cir.

1986) (stating objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery)

## CONCLUSION

In accordance with the aforementioned case law and argument, Defendants request Plaintiff immediately be allowed to inspect the 486 pages of documents in the possession of Plaintiff's counsel.  Further, because Plaintiff has unreasonably construed the Court's quite clear order, thus requiring unnecessary expense to the State of Florida, Defendants request Plaintiff's counsel be ordered to reimburse the State the $300.00 previously paid to Plaintiff's counsel by the State of Florida.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**

s/ Lance Eric Neff
Lance Eric Neff
Assistant Attorney General
Florida Bar Number 26626
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300 - Telephone
(850) 488-4872 - Facsimile
Email: Lance.Neff@myfloridalegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically through the court's CM/ECF system to counsel of record (James V. Cook) on this 1st day of March, 2012.

s/ Lance Eric Neff
LANCE ERIC NEFF