IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,

    Plaintiff,

v.                                                         CASE NO. 4:11cv45-RH/WCS

WALTER McNEIL et al.,

    Defendants.

_____/

ORDER COMPELLING DISCLOSURE AND DENYING
THE MOTION FOR RECONSIDERATION

    A prior order provided:

By December 9, 2011, the plaintiff must (a) make available to the defendants' attorney for inspection and copying the "about 500 pages" identified in his response to production requests 2 and 10, or (b) agree with the defendants' attorney on a reasonable time and place for making the documents available, or (c) file a response to the motion to compel the production of these documents.

Order of November 30, 2011, ECF No. 34, at 4. The plaintiff had asserted the "about 500 pages" were protected by the attorney-client privilege or work-product doctrine, but the order noted that sending a nonprivileged document to an attorney did not make the document privileged.

The plaintiff did not file a response to the motion to compel by December 9. Instead, the plaintiff produced the "about 500 pages." But the plaintiff redacted parts—apparently his own handwritten notes—that he now again claims are privileged or protected by the work-product doctrine. At the pretrial conference on February 29, 2012, I ordered the plaintiff to produce the documents without redactions by March 1, 2012. The basis of the ruling was that the plaintiff had not made a timely privilege or work-product claim in response to the November 30 order and that in any event he had made no showing that the redacted materials were indeed privileged or protected by the work-product doctrine. Part of the basis for the ruling—but only part—was that the plaintiff sent the materials to family members, not to his attorney.

On March 1, the plaintiff filed a motion for reconsideration, now asserting for the first time that the plaintiff's handwritten notes are privileged or protected by the work-product doctrine because when the plaintiff made the notes he had no attorney and was instead representing himself. That only makes the privilege or work-product claim weaker. *See Svete v. Wunderlich*, 2:07-cv-156, 2009 WL 1687952 at *1 (S.D. Ohio June 11, 2009) ("Many of the objections asserted by plaintiff lack even an arguably colorable basis. For example, plaintiff, who is proceeding pro se, invokes the attorney-client privilege or work-product doctrine."); *Kryszak v. Chase Bank USA, N.A.*, 07CV202A, 2008 WL 822015

Case No.   4:11cv45-RH/WCS

(W.D.N.Y. March 26, 2008); *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 663 (D. Colo. 2005); *Crayton v. Rochester Med. Corp.*, 2010 WL 1812594 at *3 (E.D. Cal. May 5, 2010) (stating that the plaintiff's privilege argument failed, in part, because he has "failed to provide the Court with authority that the attorney client privilege applies in this case since Plaintiff is representing himself pro se."); *but see Deakins v. Pack*, 1:10-1396, 2012 WL 242859 at *22 (S.D.W.Va. Jan. 25, 2012); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, CIV S-05-2090, 2010 WL 148179 at * 6 (E.D.Cal. Jan. 12, 2010).

I assume without deciding that a pro se litigant can assert at least some work-product protection. That does not help the plaintiff here, both because he waived any protection by not timely asserting it in response to the November 30 order, and because he has made no showing that these notes come within any protection that might exist.

This order denies the motion to reconsider but—because I was in court most of the afternoon and did not immediately get to this—the order extends the deadline for producing the documents to noon on March 2, 2012.

IT IS ORDERED:

By noon on March 2, 2012, the plaintiff must make available to the defendants' attorney for inspection and copying the "about 500 pages" identified in

his response to production requests 2 and 10 and referred to in the November 30 order.  The plaintiff's motion for reconsideration, ECF No. 68, is DENIED.

SO ORDERED on March 1, 2012.

s/Robert L. Hinkle<br>United States District Judge