**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

DARRYLL JOEL McKENZIE,

       Plaintiff,

v.                               CASE NO.  4:11cv45-RH/WCS

WALTER McNEIL et al.,

       Defendants.

_____/


**ORDER COMPELLING DISCLOSURE AND DENYING
THE MOTION FOR RECONSIDERATION**


A prior order provided:

By December 9, 2011, the plaintiff must (a) make available to the
defendants' attorney for inspection and copying the "about 500 pages"
identified in his response to production requests 2 and 10, or (b) agree
with the defendants' attorney on a reasonable time and place for
making the documents available, or (c) file a response to the motion to
compel the production of these documents.

Order of November 30, 2011, ECF No. 34, at 4.  The plaintiff had asserted the

"about 500 pages" were protected by the attorney-client privilege or work-product

doctrine, but the order noted that sending a nonprivileged document to an attorney

did not make the document privileged.

The plaintiff did not file a response to the motion to compel by December 9.

Instead, the plaintiff produced the "about 500 pages."  But the plaintiff redacted

parts—apparently his own handwritten notes—that he now again claims are

privileged or protected by the work-product doctrine.  At the pretrial conference on

February 29, 2012, I ordered the plaintiff to produce the documents without

redactions by March 1, 2012.  The basis of the ruling was that the plaintiff had not

made a timely privilege or work-product claim in response to the November 30

order and that in any event he had made no showing that the redacted materials

were indeed privileged or protected by the work-product doctrine.   Part of the

basis for the ruling—but only part—was that the plaintiff sent the materials to

family members, not to his attorney.

On March 1, the plaintiff filed a motion for reconsideration, now asserting

for the first time that the plaintiff's handwritten notes are privileged or protected by

the work-product doctrine because when the plaintiff made the notes he had no

attorney and was instead representing himself.  That only makes the privilege or

work-product claim weaker. *See Svete v. Wunderlich*, 2:07-cv-156, 2009 WL

1687952 at *1 (S.D. Ohio June 11, 2009) ("Many of the objections asserted by

plaintiff lack even an arguably colorable basis. For example, plaintiff, who is

proceeding pro se, invokes the attorney-client privilege or work-product

doctrine."); *Kryszak v. Chase Bank USA, N.A.*, 07CV202A, 2008 WL 822015

(W.D.N.Y. March 26, 2008); *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650,

663 (D. Colo. 2005); *Crayton v. Rochester Med. Corp.*, 2010 WL 1812594 at *3

(E.D. Cal. May 5, 2010) (stating that the plaintiff's privilege argument failed, in

part, because he has "failed to provide the Court with authority that the attorney

client privilege applies in this case since Plaintiff is representing himself pro se.");

*but see Deakins v. Pack*, 1:10-1396, 2012 WL 242859 at *22 (S.D.W.Va. Jan. 25,

2012); *Brockmeier v. Solano Cnty. Sheriff's Dep't*, CIV S-05-2090, 2010 WL

148179 at * 6 (E.D.Cal. Jan. 12, 2010).

I assume without deciding that a pro se litigant can assert at least some

work-product protection.  That does not help the plaintiff here, both because he

waived any protection by not timely asserting it in response to the November 30

order, and because he has made no showing that these notes come within any

protection that might exist.

This order denies the motion to reconsider but—because I was in court most

of the afternoon and did not immediately get to this—the order extends the

deadline for producing the documents to noon on March 2, 2012.

IT IS ORDERED:

By noon on March 2, 2012, the plaintiff must make available to the

defendants' attorney for inspection and copying the "about 500 pages" identified in

his response to production requests 2 and 10 and referred to in the November 30

order.  The plaintiff's motion for reconsideration, ECF No. 68, is DENIED.

SO ORDERED on March 1, 2012.

s/Robert L. Hinkle
United States District Judge