IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DARRYLL JOEL McKENZIE,
      Plaintiff,

vs.

WALTER McNEIL, et al.,
      Defendants.

Case No. 4:11-cv-45-RH-WCS

**PLAINTIFF'S MOTION TO COMPEL THE FLORIDA DEPARTMENT OF CORRECTIONS TO PRODUCE RECORDS UNDER RULE 45 AND REQUEST FOR ORDER TO SHOW CAUSE**

COMES NOW the Plaintiff, by and through the undersigned attorney, and moves this Court to compel production of records under Rule 45, Federal Rules of Civil Procedure and issue its Order to Show Cause why sanctions should not be imposed for destruction of evidence, and would further show:

1.    Plaintiff complained of improper redactions by the Department of Corrections under a Rule 45 Subpoena at Pretrial Hearing February 29, 2012. The Court gave Plaintiff leave to file a Motion to Compel.

2.    Plaintiff served a Subpoena to the Florida Department of Corrections under Rule 45, Federal Rules of Civil Procedure, on August 22, 2011. Production was requested to be made on September 12, 2011. **Exhibit A, Subpoena for Records under Rule 45**.

3.   The Department made no objections to the requests under Rule 45(c),
     Federal Rules of Civil Procedure. However Department staff, Sally
     McWilliams subsequently requested that the due date be extended into
     November because of difficulties in moving offices.

4.   The Department and this attorney signed a confidentiality agreement
     applying to the materials provided under the Subpoena. **Exhibit B,
     Confidentiality Agreement**.

5.   The requested documents were finally made available to this attorney by
     notice on November 16, 2011, in digital format. The document disk was left
     for pickup at the Department of Corrections front desk on that date.

6.   Among the records requested by Plaintiff on August 22, 2011, were "13.
     Logs and Rosters: (a) Records of Confinement for H Dorm for November
     2008; (b) All pages from all prison logs covering movements and actions to
     and from the area where the use of force took place for IG Report 08-
     29115 [the Inspector General investigation of the use of force complained
     of in this case]; (c) Work schedules for all employees who worked in the
     area where the use of force took place for IG Report 08-29115. **Exhibit A,
     Subpoena for Records under Rule 45,** Exhibit A to Subpoena.

7.   In reviewing the documents, it became apparent that some of the
     documents had been destroyed on the previous day, November 15, 2011,
     including Housing Unit Logs; Control Room Logs; Log of Official Visitors;

Officer Station Checklist; Inspection of Special Housing Records; Visitor Registration Log; Search Log; Staff Search Log. Other documents listed as destroyed may have been responsive to the Subpoena. **Exhibit C, Records Disposition Document**. These documents, which showed the movement of persons in the compound and between the housing areas were relevant to litigated issues about who was present in Dorm H at the time of the incident and their destruction deprived Plaintiff of the means to proving his case against several defendants.

8. The documents produced also showed numerous inappropriate redactions, the redactions discovered early on did not significantly impede Plaintiff's ability to prosecute his case and no Motion to Compel seemed appropriate.

9. The documents totaled about 2800 pages. As counsel for Plaintiff got to the officers' personnel files, it became apparent that many improper redactions had been made to the files. **Exhibit D, Sample Redacted Pages**.

10. Redactions were made to addresses of references (Exhibit C, page 1, 3, 5), names and addresses of employers (Page 2, 4, 6, 8, 11, 15, ), Details of uses of force, including name and DC# of subjects (page 7, 16, 17, ), relatives in the Department (page 10), details of arrests and convictions, including report numbers and persons informed of arrest, arresting officer, witnesses, case numbers, and the name of his attorney (page 12, 13, 14, 19, 20, 21), and counseling memoranda (page 18). **Exhibit D Sample Redacted Pages**.

11. The redactions made it difficult, if not impossible, to do background checks on defendants and witnesses. Plaintiff could only do limited depositions to gather such information due to budget and time restrictions.

12. It appears that one basis relied on by the Department for the redactions was Section 945.10(1)(e), Florida Statutes, which the Department deems permits them to withhold (from public records requests) the places of employment (and former places of employment) of active or former department employees. Section 945.10, Florida Statutes, reads in part:

> (1) Except as otherwise provided by law or in this section, the following records and information held by the Department of Corrections are confidential and exempt from the provisions of s. 119.07(1) and s. 24(a), Art. I of the State Constitution:
>
> (a) Mental health, medical, or substance abuse records of an inmate or an offender.
>
> (b) Preplea, pretrial intervention, and presentence or postsentence investigative records, except as provided in s. 960.001(1)(g).
>
> (c) Information regarding a person in the federal witness protection program.
>
> (d) Parole Commission records which are confidential or exempt from public disclosure by law.
>
> (e) *Information which if released would jeopardize a person's safety.*

Fla. Stat. Ann. § 945.10 (*Emphasis added*)

13. The Department's Invoice for Production of Records (sent in response to requests under Chapter 119, Florida Statutes, reads in part:

The following information has been redacted from the records pursuant to Florida Statutes (F.S.) (insert an X for all that apply):

The home addresses, telephone numbers, social security numbers and photographs of active or former department employees and/or their spouses and children; *places of employment*; daycare facilities, and/or schools *of active or former department employees' spouses and children* (sections 119.071[(4)(d), F.S. and 945.10(l)(e), F.S

**Exhibit E, FDOC standard Invoice for Production of Records** (top of page 2).

14.   Plaintiff submits that if the information had been sought through a public records request under state law, there would have been no statutory basis for the redactions made in the sample redacted documents in Exhibit D.

15.   However, Plaintiff further submits that federal discovery subpoenas should not be redacted in the manner of public records requests under Section 119.07-071, Florida Statutes. Even if that were appropriate, it is stretching the license permitted by Section 945.10(1)(e) too far to allow its use to redact such things as prior employers and employer addresses of the corrections employees themselves, entered in job applications.

MEMORANDUM OF LAW

Rule 45, Federal Rules of Civil Procedure, governs subpoenas to non-parties.

*erinMedia, LLC v. Nielsen Media Research, Inc.*, WL 1970860 *1-2 (M.D.Fla. July 3, 2007).

*Barnes v. VI P'ship, Ltd.*, 2:09-CV-618, 2010 WL 3079453*1 (M.D. Fla. Aug. 8, 2010).

The scope of discovery under Rule 45 is that in Rule 26(b)(1), Federal Rules of Civil

Procedure , which provides "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...." *erinMedia* at *1-2.

An objection to producing documents must be made in writing and served on or before the date of compliance specified on the subpoena. Fed.R.Civ.P. 45(c)(2)(B). *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667 (N.D. Fla. 2010). When a party fails to object timely to a Rule 45 subpoena, any objections are deemed waived, *In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989), although the party may have had a colorable objection. *See Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir.1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery), cited by *Bailey, supra* at 668; *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir.1984). See *Dean v. Anderson*, Case No. 01-2599-JAR, 2002 WL 1377729, at *2 (D.Kan. June 6, 2002) ("it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery"). Here, no objection was timely made (nor could have been). Though the redactions were of information that was relevant to the impeachment of Defendants and Defendants' witnesses, objections that it was otherwise are waived.

As to other documents, the Department has provided documents showing that documents that were in existence on August 22, 2011, when originally subpoenaed, were destroyed on November 15, 2011, the day before the remaining documents were finally turned over. The following constitutes circumstantial evidence of bad faith:

(1) evidence once existed that could fairly be supposed to have been material to the proof or defense of a claim at issue in the case; (2) the spoliating party engaged in an affirmative act causing the evidence to be lost; (3) the spoliating party did so while it knew or should have known of its duty to preserve the evidence; and (4) the affirmative act causing the loss cannot be credibly explained as not involving bad faith by the reason proffered by the spoliator.

*Managed Care Solutions, Inc. v. Essent Healthcare, Inc.*, 736 F. Supp. 2d 1317, 1323 (S.D. Fla. 2010). Exhibit C shows that the documents destroyed once existed and also the affirmative act of the Department in destroying them. The fact that the Department received the Subpoena nearly three months earlier and sought additional time to respond, responding the day after the destruction of the documents shows at least circumstantially the Department knew its duty to preserve the documents that had been under subpoena for nearly three months before they were destroyed. Finally, there is no credible explanation why the documents were destroyed the very day before they were to be turned over to the Plaintiff. Any effort at all to collect and preserve the documents would have meant they would have been somewhere other than at the burning or shredding site.

The logs and rosters destroyed were documents that showed movements in and out of the controlled areas of Dorm H and other parts of Columbia Correctional Institution. Defendants have made a defense out of the claim that they were not assigned to the area where the incident happened (although it is admitted that some of the persons who show up on the reports, like Officers Teston and Burleson, whose names were on the Use of Force Reports as participating in the incident, were not

personnel assigned to Dorm H. Defendant has had to drop his action as to four

Defendants because he didn't have the means to prove that they were present.

WHEREFORE, Plaintiff Moves this Honorable Court for its Order

Compelling the Florida Department of Corrections to produce documents without

the redactions complained of and to Show Cause why the Department should not be

sanctioned for destroying documents sought in a federal subpoena under Rule 45,

Federal Rules of Civil procedure, and such other relief as justice may require.

Respectfully Submitted,

*s/James V. Cook*
JAMES V. COOK, ESQ.
Florida Bar Number 0966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 222-8080; 561-0836 fax
cookjv@nettally.com

I CERTIFY that I have consulted with counsel for the Department of Corrections,
pursuant to Local Rule 7.1 and counsel for the Department objects to this Motion.

I CERTIFY the foregoing was filed electronically on 3/9/12 and that the person
noted below is registered to be notified by the CM/ECF electronic mail system,
except that the attorney for the Department was served by e-mail and U.S. Mail:

| Michael Terrence Kennett | Lance Eric Neff | Ginger Barry Boyd |
|---|---|---|
| Florida Department of Corrections | Office of the Attorney General | Broad and Cassel |
| 501 South Calhoun Street | The Capitol, PL 01 | 200 Grand Blvd., Suite 205A |
| Tallahassee, FL 32399-6548 | Tallahassee, FL 32399-1050 | Destin, Florida 32550 |
| Kennett.michael@mail.dc.state.fl.us | Lance.neff@myfloridalegal.com | gbarry@broadandcassell.com |

*s/James Cook*
JAMES V. COOK

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Florida

| | | |
|---|---|---|
| DARRYLL JOEL McKENZIE | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  4:11-cv-45-RH/WCS |
| WALTER McNEIL, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Custodian of the Records, Florida Department of Corrections, 2601 Blair Stone Road, Tallahassee, FL
32399-2500, 850 488-7480

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: Records described in the attached Exhibit A.

| Place: Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301, 850 222-8080 | Date and Time: 09/12/2011 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:  ____08/22/2011____

CLERK OF COURT

_____          OR          _____
_Signature of Clerk or Deputy Clerk_                                            _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_   Darryll McKenzie
_____ , who issues or requests this subpoena, are:

James V. Cook, Law Office of James Cook, 314 West Jefferson Street, Tallahassee, FL 32301, 850 222-8080,
cookjv@nettally.com

PLAINTIFFS EXHIBIT A

## EXHIBIT A

*This is a request for records in the Possession of the Entity to whom these requests are addressed. "Prison" used herein refers to Columbia Correctional Institution. "Defendants" used herein refers to current or former Florida Department of Corrections employees Walter McNeil, Steven Singer, Tony Anderson, Timothy Ford III, William C. Moore, Jason C. Stephens, , Kenneth E. Roundtree, Jeffrey Ragans, Michael A. Swift, Robert E. Norris, Jesse A. Derringer, And Jamoris D. Givens. The "Incident complained of" is the Use of Force against inmate Darrell McKenzie, 653489 on November 11, 2008. "Records" includes documents, recordings, and images, electronic or other.*

*The following records are sought for inspection and copying. The requesting party would prefer digital copies if possible. Otherwise, Counsel for Plaintiff will make digital copies during inspection.*

*We have previously notified Defendants' counsel of our request for the information referenced herein pursuant to Defendants' Notice of Production from Non-Party dated August 15, 2011. This Notice included sufficient information about the above captioned matter to provide an opportunity for the Plaintiff to raise an objection with the Court. The time for the Plaintiff to raise objections has lapsed and no objections were filed or all objections filed have been resolved by the Court.*

*You will not be required to surrender the original items. You may comply with this Subpoena by providing legible copies of the items to be produced to the attorney whose name and address appears on this Subpoena on or before the scheduled date for production. If the records exist in digital format, please produce that form. You have the right to object to the production pursuant to this Subpoena at any time before production by giving written notice to the attorney whose name appears on this Subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.*

*If you fail to: (1) furnish the records as provided above; or (2) object to this Subpoena, you may be in contempt of Court. You are subpoenaed by the attorney whose name appears on this Subpoena and unless excused from this Subpoena by the attorney whose name appears on this Subpoena or the Court, you shall respond to this Subpoena as directed.*

| ITEM | DESCRIPTION |
|---|---|
| 1.   Employee files. | All employment applications and employee evaluations of the following persons: |
| | a.   *Steven Singer* |
| | b.   *Tony Anderson* |
| | c.   *Timothy Ford III* |
| | d.   *William C. Moore* |
| | e.   *Jason C. Stephens* |
| | f.   *Kenneth E. Roundtree* |
| | g.   *Jeffrey Ragans* |
| | h.   *Michael A. Swift* |
| | i.   *Robert E. Norris* |
| | j.   *Jesse A. Derringer* |
| | k.   *Jamoris D. Givens* |
| 2.   Employee files. | All records documenting complaints, disciplinary or corrective actions and uses of force: |
| | a.   *Steven Singer* |
| | b.   *Tony Anderson* |
| | c.   *Timothy Ford III* |
| | d.   *William C. Moore* |
| | e.   *Jason C. Stephens* |
| | f.   *Kenneth E. Roundtree* |
| | g.   *Jeffrey Ragans* |
| | h.   *Michael A. Swift* |
| | i.   *Robert E. Norris* |

| | | |
|---|---|---|
| | | j. *Jesse A. Derringer* |
| | | k. *Jamoris D. Givens* |
| 3. | Employee files. | Post Orders for: |
| | | a. *Steven Singer* |
| | | b. *Tony Anderson* |
| | | c. *Timothy Ford III* |
| | | d. *William C. Moore* |
| | | e. *Jason C. Stephens* |
| | | f. *Kenneth E. Roundtree* |
| | | g. *Jeffrey Ragans* |
| | | h. *Michael A. Swift* |
| | | i. *Robert E. Norris* |
| | | j. *Jesse A. Derringer* |
| | | k. *Jamoris D. Givens* |
| 4. | Employee files. | Employment applications, complaint, and disciplinary actions for: |
| | | a. David Chisholm |
| | | b. Heather Sherman |
| | | c. Tony Nolan |
| | | d. L. Hoang, M.D. |
| 5. | Command chain. | Records showing chain of command from the Secretary to the persons named in Item 1 as of 11/11/2008, with the I.D. number, rank, job title, and post orders of each person in the chain. |
| 6. | Incarceration files. | Incarceration files for the following persons: |
| | | a. Darrell McKenzie, 653489 |
| 7. | Records | a. All performance audits for Columbia C.I. from 2000 to present. |
| | | b. All standards compliance accreditation reports for Columbia C.I. from 2000 to present. |
| 8. | Reports | As to the incident sued upon: |
| | | a. Checklist, Use of Force File, DC1-813 |
| | | b. Investigative Report, Short Form |
| | | c. Inspector General's Report of Investigation |
| | | d. Incident Reports (DC6-210) |
| | | e. Any Corrective Action/Disposition Reports (DC1-811) |
| | | f. Emergency Room Record (DC4-701C) |
| | | g. Diagram of Injury (DC4-708) |
| | | h. All other medical reports |
| | | i. Witness Statements (DC6-112C) |
| | | j. MINS Incident Reports |
| 9. | Training. | Records showing training, materials (including copies of video recordings), and guidelines for uses of force both on 11/11/2008, and at present. |
| 10. | Grievances | All grievances and appeals for inmate |
| | | a. Darrell McKenzie, 653489 |
| 11. | Images. | a. Floor plan of the area where the Use of Force in IG Report 08-29115 took place. |
| 12. | Recordings. | a. Video recordings concerning the incident complained of (in usable format or, alternatively, with the special software or codecs necessary to view the recording) |
| | | b. Audio recordings of interviews from IG investigation (request to inspect original recording in usable format) |
| 13. | Logs and rosters. | a. Records of Confinement for H Dorm for November 2008 |
| | | b. All pages from all Prison logs covering movements and actions to and from the area where the use of force took place for IG Report 08-29115 |
| | | c. Work schedules for all employees who worked in the area where the use of force took place for IG Report 08-29115. |

JAMES V. COOK, ESQ.                                8/16/11
                                                   DATE

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA

DARRYLL JOEL McKENZIE, DC#653489,

    Plaintiff,

v.                                     Case No.: 4:11-CV-45-RH/WCS

WALTER McNEIL, et al.,

    Defendants.

_____/

## CONFIDENTIALITY AGREEMENT BETWEEN THE DEPARTMENT OF CORRECTIONS AND COUNSEL FOR PLAINTIFF

    1.  This Agreement governs the handling, maintenance, storage, use, and discussion of records, documents, audio or videotapes, floor plans or electronically stored data that are restricted by the Florida Department of Corrections based upon security and safety concerns and/or personal information related to current or former FDOC employees and their families, as provided in section 119.071, Florida Statutes, section 945.10, Florida Statutes, or any other state law confidentiality provision, that are produced by or obtained from the Florida Department of Corrections through discovery or through any other exchange of information, to include the production of documents or records pursuant to a subpoena, between counsel for the Department of Corrections and counsel for the parties to the proceedings in this case.  This Agreement is intended to

1


PLAINTIFFS EXHIBIT B

maintain the confidentiality of documents or information whether produced previously or in the future, that are within the exemption provisions of Section 119.071, Florida Statutes, or Section 945.10, Florida Statutes, or any other state law confidentiality provision as well as all applicable provisions of the Florida Department of Corrections' security procedures and rules applicable thereto.    The materials subject to this agreement are as follows and any further created materials derived from the foregoing documents:

(a)    All video recordings concerning the incident complained of as well as any other recording that exists, including compact discs from the IG investigation, no matter whether recorded on compact disc, VHS tape, DVD, etc.;

(b)    The floor plan of the area where the Use of Force 08-29115 took place;

(c)    All records showing training, including video recordings, and guidelines for uses of force both on November 11, 2008 and present;

(d)    All prison logs covering movements and actions to and from 08-29115; and

(e)    All work schedules for employees who worked in the area where the use of force took place for report for report number 08-29115; and

2

(f)    All  records  of  confinement  for  H  Dorm  for  November 2008.

2.    The    following    definitions    shall    apply    to    this Confidentiality Agreement:

(a)  "Parties"  shall  mean  and  refer  to  the  plaintiff  and each defendant in the above captioned cases.

(b)  "Qualified person(s)"  shall  mean  and  refer  to:

(1)  Private  and  state  government  counsel  who  have appeared  for  a  party  in  this  case  and  regular  and  temporary employees  of  such  counsel  assisting  in  the  conduct  of  this case,  including  employees  of  any  firm  retained  to  reproduce the  discovery  material  for  use  in  accordance  with  this Agreement;

(2)  Experts  or  consultants  assisting  counsel  in  this litigation;

(3)  Employees  of  any  party  who  are  required  to  assist counsel  in  the  conduct  of  this  action;

(4)  Deponents,  and  their  counsel,  during  the  course  of depositions  taken  in  this  action,  and  court  reporters  and persons  preparing  transcripts  of  depositions;

(5)  The  Court  and  Court  personnel,  pursuant  to Paragraph 9 of this Agreement; and,

3

(6) Other persons only upon order of the Court, or upon written approval of the party that produced or disclosed the confidential discovery material and provided that such person agrees to be bound by the terms of this Agreement. Any person who signs such an agreement shall be subject to the terms of this Agreement.

3. Confidential information as set out in this Agreement, including applicable portions of depositions, shall only be filed with the Court under seal; however, no party shall file a document or other confidential material under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

4. Confidential discovery materials covered by this Agreement shall be used only for this litigation. Under no circumstances, other than those specifically provided in this Agreement or court orders, shall such material be disclosed to persons other than qualified persons as clarified in 2(b) above.

5. Confidential discovery materials covered by this Agreement may be shown as provided to consultants and experts retained for the preparation of this litigation only after an attorney for the party employing such consultant or expert has obtained from the consultant or expert an executed Acknowledgment and Agreement (Exhibit A) to be subject to the

4

terms of this Agreement. Counsel shall maintain a log of all such consultants and experts or others who have seen or been provided confidential materials.

6.  Each person given access to confidential discovery materials covered by this Agreement or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.

7.  Confidential discovery materials covered by this Agreement may be disclosed to employees of counsel of record only for the purposes of this litigation and shall not be shared by them with any other person, including plaintiff. Before such disclosure is made to such employee, counsel shall comply with the requirements of paragraph 6.

8. In the event that counsel for any party determines to file in or submit to the Court any confidential discovery materials covered by this Agreement or information derived therefrom, or any papers containing or making reference to such material or information, after obtaining an Order of the Court pursuant to paragraph 3 herein, such documents shall be placed in sealed envelopes or sealed containers on which shall be endorsed:

(a) the caption, as specified in Paragraph 2(a) of this Agreement;

(b) the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

(c) a statement substantially in the following form:

[DISCLOSING PARTY'S NAME]

CONFIDENTIAL

This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

9. When confidential documents or information covered by this Agreement are presented, quoted or referenced in any deposition, hearing or other pretrial proceeding, the attorneys for the parties shall make arrangements, or when appropriate, request the court to make arrangements to ensure that only qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings as well as trial, if necessary.

10.   If  any  party  objects  to  the  designation  of  any discovery material as "Confidential," the objecting party shall so  notify  the  producing  party  in  writing.  To  preserve  its "Confidential" designation, the producing party, within ten (10) calendar days after receipt of any such notice, must apply to the  court  for  a  ruling  that  the  discovery  material  objected  to shall  be  treated  as  designated,  and  notice  of  such  application shall  be  provided  to  all  other  parties.  If  no  such  application is  made,  the  discovery  material  will  cease  to  be  treated  as designated. If an application is made, until the Court enters an order,  if  any,  determining  the  designation  of  the  discovery material  objected  to,  such  discovery  material  shall  be  treated as designated and protected as provided in this Agreement.

11.   Entering  into,  agreeing  to  and/or  producing  or receiving materials or otherwise complying with the terms of the Agreement shall not:

(a)   Operate  as  an  admission  by  any  party  that  any particular  discovery  material  contains  or  reflects  any confidential matter; or

(b) Prejudice in any way the rights of any party to object to  the  production  of  documents  it  considers  not  subject  to discovery for reasons other than privilege; or

(c) Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

(d) Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

12. In the event additional persons become parties to this litigation, they shall not have access to confidential information that is the subject of this Agreement that was produced by or obtained from any other party to this action until the newly joined party has been made subject to this Confidentiality Agreement.

13. This stipulated agreement shall be enforceable by the federal district court in this matter and a party violating the agreement may be subject to sanctions as may be deemed appropriate by the court in accordance with the Federal Rules of Civil Procedure and any local court rules governing discovery matters.

14. Within ninety (90) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Agreement that were supplied by the parties and all copies thereof shall be returned to the producing party. All computerized or electronically reproduced

8

copies of the confidential materials shall be erased from the computer's hard-drive storage and this fact shall be certified to the Department when the physical materials are returned.

15. Counsel for the Plaintiff shall not transfer the possession of confidential records and documents governed by this Agreement to the Plaintiff. Counsel for Plaintiff shall not provide Plaintiff with any copies of the confidential material for Plaintiff's personal use and Plaintiff should only be permitted to view the confidential materials in Counsel for the Plaintiff's presence. If counsel withdraws from representation of the Plaintiff, counsel for Plaintiff shall return the materials to the producing party within fourteen (14) days of the Court's Order permitting withdrawal.

16. The obligation to maintain confidentiality pursuant to this Agreement shall continue after the conclusion of this case.

**Confidentiality Agreement between the Department of Corrections and Counsel for Plaintiff, continued.**

**SIGNATURES:**

James V. Cook,
Fla. Bar#0966843
314 West Jefferson Street
Tallahassee, Florida 32301

Attorney for Plaintiff

Date: __10 / 10 / 11__

MICHAEL T. KENNETT
ASSISTANT GENERAL COUNSEL
FLORIDA BAR NO. 177008
Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399-1050

Attorney for Florida Department of Corrections

Date: __10 Nov. 2011__

10

# DEPARTMENT OF CORRECTIONS
## RECORDS DISPOSITION DOCUMENT

RDD. 11-243-1

PAGE 1 OF 2 PAGES

**1. DEPARTMENT/SECTION**
COLUMBIA CORRECTIONAL INST./ SECURITY

**2. CONTACT (Name and Telephone Number)**
TAVIA L. FRYE, GSS

**3. NOTICE OF INTENTION:** The scheduled records listed in Item 5 are to be disposed of in the manner checked below (specify only one).

☒ a. Destruction    ☐ b. Microfilming and Destruction    ☐ c. Other _____

**4. SUBMITTED BY:** I hereby certify that the records to be disposed of are correctly represented below, that any audit requirements for the records have been fully justified, and that further retention is not required for any litigation pending or imminent.

D. MADDOX, COLONEL

Signature: *David W. Maddox*

Name and Title: David W. Maddox Colonel

Date: 9-19-11

## 5. LIST OF RECORD SERIES

| a. Schedule No. | b. Item No. | c. Record Series Title | d. Retention | e. Inclusive Dates | f. Number Of Archive Size Boxes |
|---|---|---|---|---|---|
| GS1-S | 2 | DC6-215A FORMAL COUNT SLIPS | 1M | 1/06-12/09 | 10 |
| GS1 | 34 | DC6-209HOUSING UNIT LOGS 101,301,502 | 1CY | 01/05-12/09 | 10 |
| GS1 | 34 | DC6-270 TOWER LOGS | 1CY | 01/05-12/09 | 3 |
| GS2 | 34 | DC6-207 CONTROL ROOM LOGS | 1CY | 01/05-12/09 | 3 |
| GS2 | 34 | DC6-259 LOG OF OFFICAL VISITORS | 3CY | 01/05-12/08 | 1 |
| GS2 | 34 | DC6-2016 OFFICER STATION CHECK LIST | 1CY | 01/05-12/09 | 4 |
| GS2 | 34 | DC6-2045 SALLYPORT INV. EQUIP LIST | 1CY | 01/05-12/09 | 4 |
| GS2 | 34 | PERIMETER INSPECTION | 1CY | 01/05-12/09 | 4 |
| DC2 | 34 | DC6-2003 KEY LOG | 1CY | 01/05-12/09 | 1 |
| GS2 | 34 | DC6-257LOCK-LOCKING SYSTEM INSP LOG | 3CY | 01/05-12/05 | 1 |
| GS2 | 34 | DC6-207CONTROL ROOM LOG | 3CY | 01/05-12/07 | 3 |
| GS2 | 34 | DC6-228INSPECTION OF SPEC. HOUS. REC | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-213 INDIVIDUAL CHEM AGENT DISP | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-293CLASS AA TOOL RECEIPT | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-2015 CONTROL RM CLEANING CKLIST | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-221 CELL INSP. | 3CY | 01/05-12/07 | 2 |
| GS2 | 34 | DC6-281 CONTROL RM SEC EQUIP CK | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-260 VISITOR REGISTRATION LOG | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-2001 SEARCH LOG | 3CY | 01/05-12/07 | 1 |
| GS2 | 34 | DC6-2004 STAFF SEARCH LOG | 3CY | 01/05-12/07 | 2 |
| DC | 48 | DC6-236 INMATE REQUEST | 5CY | 01/03-12/04 | 1 |
| GS2 | 34 | DC6-2041 TRANSPORTATION REQUEST | 3CY | 01/05-12-07 | 2 |
| GS1-S | 241 | DC6-210 INCIDENT REPORT | 4CY | 01/04-10/05 | 1 |
| GS1-S | 148 | DC6-569 INMATE SAFETY TRAINING | 3FY | 09/05-09-07 | 1 |

**6. DISPOSAL AUTHORIZATION:** Disposal for the above listed records is authorized. Any deletions or modifications are indicated.

Records Management Liaison Officer

Date: 11/15/11

**7. DISPOSAL CERTIFICATE:** The above listed records have been disposed of in the manner and on the date shown in column g. ⑤

Signature _____ Date _____

Name and Title _____

Witness _____

DC2-575 (Revised 7/05)



PLAINTIFFS EXHIBIT C

Requisition # _____

|  | Yes | No |
|---|---|---|

20. Are you or have you ever knowingly been under investigation by any local, state, federal agency, or entity for any wrongdoing either administrative, civil or criminal? If yes, explain:

☐ ☑

_____

_____

21. Have you ever committed a crime, whether arrested or not, that would constitute a felony or a misdemeanor?

☐ ☑

22. Chronologically list all previous places of residence for the past ten years. (Begin with present and work backwards.)

| From Mo/Yr | To Mo/Yr | Number/Street | County/City | State | Zip |
|---|---|---|---|---|---|
| 1984 | -current | | | | |

23. List complete addresses and telephone numbers of five individuals (non-relatives) who have known you for at least three years:

| Full Name | Address | (Area Code) Telephone |
|---|---|---|
| Jennifer Fraser | | |
| Beverly Allen | | |
| Lonnie Brooks | | |
| ~~Freddy~~ Ricky Porter | | |

24. List any special qualifications or skills you may possess:

_____

_____

_____

_____

_____

_____      08-21-06
Applicant's Signature                        Date



| Examples include CDL, DVM, etc.<br>Teacher Certification, RN, LPN, PE, CPA, etc. | License<br>or Certification<br>Number. | Date<br>Received | Expiration<br>Date | List other skills you possess and believe<br>relevant to the position you seek. |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## EXPERIENCE

Describe your work experience in detail, beginning with your current or most recent job. Use a separate block to describe each position. Include military service (indicate rank) and volunteer work, if applicable. Indicate number of employees supervised. Provide an explanation of any gaps in employment. If needed, attach additional sheets, using the same format as on the application.

**1** Name of Present or Last Employer. _____

Address: _____

Your Job Title: **Roofer**

From **10-15-90** to **5-20-91**   **40** hrs per wk   Annualized Salary: **10,000**.<sup>00</sup> / **10,000**.<sup>00</sup> starting / ending

Supervisor's Name: _____   Title: **Forman**   Phone No.: _____

May we contact your employer?  ☑ YES  ☐ NO

Your Name, if different from application: _____

Duties and Responsibilities: **To put Roof on trailer**

Reason(s) for Leaving: **Closed down**

**2** Name of Next Previous Employer. _____

Address: _____

Your Job Title: **Laborer**

From **3-20-90** to **6-10-90**   **40** hrs per wk   Annualized Salary: **300.00 weekly** starting / ending

Supervisor's Name: _____   Title: **Ex Labor**   Phone No.: _____

Your Name, if different from application: _____

Duties and Responsibilities: _____

Reason(s) for Leaving: **lack of work**

**3** Name of Next Previous Employer: _____

Address: _____

Your Job Title: _____

From _____ to _____   _____ hrs per wk   Annualized Salary: _____ / _____ starting / ending

Supervisor's Name: _____   Title: _____   Phone No.: _____

Your Name, if different from application: _____

Duties and Responsibilities: _____

Reason(s) for Leaving: _____

|  | Yes | No |
|---|---|---|

10. Have you ever had any type of disciplinary action taken against you while employed as a Correctional Officer, Probation & Parole Officer, or Law Enforcement Officer? If yes, explain: ☐ ☑

_____

_____

11. Have you served in the Armed Forces of the United States? (Do not include National Guard) (A copy of your DD214 for each period of service must be submitted.) If yes, answer questions 11 through 15. If no, skip to question 16. ☐ ☑

12. State branch of service and service number:

13. State dates of all periods of active military service: ☐ ☐

_____

14. Did you receive a dishonorable discharge? ☐ ☐

15. Was any type of disciplinary action taken against you while you were a member of the Armed Forces? If yes, please explain: ☐ ☐

_____

16. Do you possess a valid ̶ ̶ ̶ ̶ ̶ license? If yes, list state and license number:   
Florida _____ ☑ ☐

17. Have your driving privileges ever been canceled, suspended, or revoked? If yes, explain: ☐ ☑

18a. Have you ever used, or experimented with any illegal drug? If yes, explain: ☐ ☑

b. Have you ever sold, delivered, manufactured, smuggled, trafficked in, or possessed illegal substances or drug paraphernalia? ☐ ☑

19a. Have you ever been convicted of a felony or a misdemeanor? ☐ ☑

b. Have you ever pled Nolo Contendere or pled guilty to a crime which is a felony or a misdemeanor? ☐ ☑

c. Have you ever had the adjudication of guilt withheld to a crime which is a felony or a misdemeanor (including sealed records)? ☐ ☑

d. If you answered "Yes" to 19 a, b, or c, complete the following:

| <u>Date</u> | <u>Place</u> | <u>Agency</u> | <u>Charge</u> | <u>Disposition Details</u> |
|---|---|---|---|---|

_____

_____

Yes  No

20.  Are you or have you ever knowingly been under investigation by any local, state,   □  ☑
federal agency, or entity for any wrongdoing either administrative, civil or criminal?
If yes, explain:

_____

_____

21.  Have you ever committed a crime, whether arrested or not, that would constitute a   □  ☑
felony or a misdemeanor?

22.  Chronologically list all previous places of residence for the past ten years.
(Begin with present and work backwards.)

| From<br>Mo/Yr | To<br>Mo/Yr | Number/Street | County/City | State | Zip<br>Code |
|---|---|---|---|---|---|
| 3/94 | 3/04 | | | | |

23.  List complete addresses and telephone numbers of five individuals (non-relatives) who have
known you for at least three years:

| Full Name | Address | (Area Code) Telephone |
|---|---|---|
| Rev. Fred Watson | | |
| Michael Addis | | |
| Tey Durrance | | |
| Greg Watson | | |
| Deadna Addis | | |

24.  List any special qualifications or skills you may possess:

_____

_____

_____

_____

_____

_____

_____                    3-10-04
Applicant's Signature                              Date

## PERIODS OF EMPLOYMENT

Describe your work experience in detail, beginning with your current or most recent job. Include military service (indicate rank) and job-related volunteer work, if applicable. Indicate number of employees supervised. Use a separate block to describe each position or gap in employment. If needed, attach additional sheets, using the same format as in this application. All information in this section must be completed. Incomplete applications will not be processed.

Name of Present or Last Employer: **NOLING PEST CONTROL**

Addr.

Your Job Title: **FIELD TECHNICIAN**     Supervisor's Name:

FROM: **8** / **25** / **05**   TO: **PRESENT**   HOURS PER WEEK: **24** ( **N/A** )
<br>YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: **Spray house and yards**

Reason For Leaving: **CURRENTLY EMPLOYED (STILL AT THIS LOCATION)**

**2** Name of Next Previous Employer: **GUY HYGEMA / HYGEMA FARMS**

Addr

Your Job Title: **FARM HAND**     Supervisor's Name: **GUY ...**

FROM: **05** / **15** / **2004**   TO: **08** / **01** / **2004**   HOURS PER WEEK: _____ ( **N/A** )
<br>YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: **Drove tractor, stacked hay, worked in chicken houses**

Reason For Leaving: **SCHOOL / Summer Job**

**3** Name of Next Previous Employer: **CN - TECH**

Address:

Your Job Title: **Lab Technician**     Supervisor's Name:

FROM: **05** / **15** / **03**   TO: **08** / **01** / **03**   HOURS PER WEEK: **40** ( **N/A** )
<br>YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: **Test Soil**

Reason For Leaving: **Summer Help / School**

Requisition #_____

|  | Yes | No |
|---|---|---|

20.   Are you or have you ever knowingly been under investigation by any local, state,    ☐ ☑
      federal agency, or entity for any wrongdoing either administrative, civil or criminal?
      If yes, explain:

           N/A

21.   Have you ever committed a crime, whether arrested or not, that would constitute a    ☐ ☑
      felony or a misdemeanor?

22.   Chronologically list all previous places of residence for the past ten years.
      (Begin with present and work backwards.)

| From Mo/Yr | To Mo/Yr | Number/Street | County/City | State | Zip Code |
|---|---|---|---|---|---|
| 1/2002 | 4/2006 | | | | |
| 5/2001 | 10/1999 | | | | |
| 4/1989 | 5/1996 | | | | |

23.   List complete addresses and telephone numbers of five individuals (non-relatives) who have
      known you for at least three years:

| Full Name | Address | (Area Code) Telephone |
|---|---|---|
| Bodary Tomlinson | 33137 unit F | 5-1484 |
| Guy Hipema | 6198 28th N | 58 |
| Danny Collins | 3543 25C+ | 34 |
| Kin Tomlinson | 3543 25C+ | 34 |
| Chris Tomlinson | 8691 Bang | 050 |

24.   List any special qualifications or skills you may possess:

_____
Applicant's Signature               4/5/06
                                 Date

LICENSURE, REGISTRATION, CERTIFICATION

| Examples include Florida Drivers', Chauffeurs', Teacher Certification, RN, LPN, PE, CPA, etc. | License, Registration, or Certification Number. | Date Received | Expiration Date | List other skills you possess and believe relevant to the position you seek. |
|---|---|---|---|---|
| FLORIDA DRIVER LICENSE | | 11-0-011 | 7-24-93 | |
| | | | | |
| | | | | |

## EXPERIENCE

Describe your work experience in detail, beginning with your current or most recent job. Use a separate block to describe each position. Include military service (indicate rank) and volunteer work, if applicable. Indicate number of employees supervised. Provide an explanation of any gaps in employment. If needed, attach additional sheets, using the same format as on the application.

**1** Name of Present or Last Employer: _____

Address: _____

Your Job Title: Mold REPAIRER

From 8 / 87 to 9-10-90    2/0 hrs per wk    Annualized Salary: 4.75 hR starting , 6.25 hR ending

Supervisor's Name: _____   Title: LAM SUPERVISOR  Phone No.: _____

May we contact your employer?  ☑ YES  ☐ NO

Your Name, if different from application: _____

Duties and Responsibilities: REPAIR molds TRAIN people To PATCH BOAT. WORK IN LAMINATION, HELPING build BOATS

Reason(s) for Leaving: PLANT CLOSED DOWN

**2** Name of Next Previous Employer: _____

Address: _____

Your Job Title: ROOFER & LABORER

From 10 - 85 to 8 87    2/0 hrs per wk    Annualized Salary: 5.00 hR starting , 6.50 hR ending

Supervisor's Name: _____   Title: Job SUPERVISOR  Phone No.: _____

Your Name, if different from application: _____

Duties and Responsibilities: DO ROOfING WORK, HELP masons build n fINISH CONCRETE.

Reason(s) for Leaving: _____

**3** Name of Next Previous Employer: _____

Address: _____

Your Job Title: _____

From _____ to _____    hrs per wk    Annualized Salary: _____ starting / _____ ending

Supervisor's Name: _____   Title: _____  Phone No.: _____

Your Name, if different from application: _____

Duties and Responsibilities: _____

Reason(s) for Leaving:

11. Do you possess a valid Driver License? YES___✓___ NO_____
    IF YES, what State: _____FLORIDA_____
    Driver License Number: ___
    Expiration Date: _____

12. Have your driving privileges ever been:
    Cancelled YES____ NO___✓___        Suspended YES____ NO___✓___
    Revoked YES_____ NO____
    IF YES, EXPLAIN: _____

13. List ALL charges, arrests, or convictions including sealed
    records.

    Date      Place     Agency     Charge     Disposition Details
    _____N/A_____
    _____
    _____
    _____
            (Attach additional sheets if necessary)

14. Have you ever used, sold or experimented with any illegal
    drug?  YES____ NO___✓___
    IF YES, EXPLAIN and give dates _____
    _____

15. Do you have any physical problems or other restrictions that
    would preclude you from participating in firearms, physical
    training or defensive tactics training? YES____ NO___✓___
    IF YES, EXPLAIN: _____

16. List any special Qualifications or Skills you may possess.
    ___have Knowledge in Autobody Repair, masonkry___
    ___and concrete work also iparking in fiberglass___
    ___and Boatbuilding___
    _____

17.  Chronologically list **ALL** previous places of residence for the past 10 years. (Begin with present address and work backward. Complete addresses must be provided.)

| From Mo/Yr | To Mo/Yr | Number/Street | City/County | State |
|---|---|---|---|---|
| 2  89 | 2091 |  |  | Ti |
| 6  81 | 2 -- 81 |  |  |  |

18.  Do you have any relatives working at Madison Correctional Institution?  YES_____  NO ✓
     **IF YES,** what is the name of the employee and their relationship to you? _____

19.  Is any member of your family presently incarcerated within the Florida Department of Corrections.  YES_____  NO ✓
     **IF YES, PLEASE EXPLAIN:**_____

20.  By signature of this document, I substantiate that there are no willful misrepresentations or omissions in or falsifications of the foregoing statements and answers to questions.  I am aware that should an investigation disclose such willful misrepresentations, falsifications or omissions, my application will be rejected for any position with the Florida Department of Corrections or if after my acceptance for employment, subsequent investigation should disclose omissions, misrepresentations, or falsifications, it will be just cause for immediate dismissal.

Kenneth E. Roundtree                    Feb 26, 1991
Signature                               Date

B.I.G. 3 - Supplemental Application

STATE OF FLORIDA

DEPARTMENT OF CORRECTIONS

## REPORT OF FORCE USED

Institution/Office: _____     Date: _____

Inmate Name: _____     Number: _____

I.  REPORT OF PERSON(S) USING FORCE
    Statement of Facts (State fully the exact circumstances leading to use of force):

    Type and amount of force used:

                                        Signature(s) _____
                                                     Officer(s) Using Force     Title(s)

II. REPORT OF INVESTIGATION (State fully the findings of the independent investigation)

    Date: _____                 Signature _____
                                                  Investigating Officer          Title

III. SUPERINTENDENT'S/REGIONAL ADMINISTRATOR'S REVIEW (reason for approval or disapproval)

    Date: _____                 Signature _____
                                                               Superintendent

IV. REGIONAL DIRECTOR'S REVIEW

    Use of Force    □ Approved        □ Disapproved

    Date: _____                 Signature _____
                                                               Regional Director

INSTRUCTIONS:  If additional space is required for any section of this report, attach supplementary sheets.

Route all copies to the Regional Director where distribution will be made as follows:
Institution/Community Facilities:                          Probation & Parole Services:
    White —         Central Office Inmate File                 Central Office File
    Pink —          Institutional Inmate File                  Regional Office Personnel File
    Yellow —        Regional Office Personnel File             Circuit Office File
    Green —         Institutional Personnel File               Satellite Office File
    Goldenrod —     Officer who used force (duplicate extra copies if more than one officer involved)

DC3-300 (7-81)

**4**

Name of Next Previous Employer: Ottis Houston

Address: _____ Phone No.: ( 586 ) 752 - 4654

Your Job Title: Gardener                    Supervisor's Name: OTTis Houston

FROM: 4 / / 99 TO: 4 / / 02 HOURS PER WEEK: _____ ( _____ )
        MONTH DAY YEAR    MONTH DAY YEAR                    YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: - I was responsible for taking care of a
Daylily garden exceeding 10,000 plants and trees.

Reason For Leaving: not enough hours

---

**5**

Name of Next Previous Employer: _____

Address: _____ Phone No.: (_____) _____

Your Job Title: _____ Supervisor's Name: _____

FROM: ___/___/___ TO: ___/___/___ HOURS PER WEEK: _____ ( _____ )
       MONTH DAY YEAR    MONTH DAY YEAR                    YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: _____

graduated H.S. 2001

Reason For Leaving: _____

---

**6**

Name of Next Previous Employer: _____

Address: _____ Phone No.: (_____) _____

Your Job Title: _____ Supervisor's Name: _____

FROM: ___/___/___ TO: ___/___/___ HOURS PER WEEK: _____ ( _____ )
       MONTH DAY YEAR    MONTH DAY YEAR                    YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: _____

Reason For Leaving: _____

If needed, attach additional sheets, using the same format as on the application. Resumes may be attached to provide additional information.

LAKE CITY SERVICE CENTER
PREFERENCE EMPLOYMENT

Thank you for your interest in employment with the Florida Department of Corrections. To assist you with your employment search, we have provided a list of facilities within our Service Center. Please select the institution(s) you prefer to work at by starting with a #1 as your first choice, #2 as your second choice, etc. Do not mark any institution that you would not consider for employment. In addition, we have included additional service center areas should you be interested. Your request will be given careful consideration.

| | INSTUTIONS | COUNTY | CITY |
|---|---|---|---|
| #1 | Baker Correctional Institution | Baker | Olustee |
| #2 | Columbia Correctional Institution | Columbia | Lake City |
| ___ | Cross City Correctional Institution | Dixie | Cross City |
| ___ | *Florida State Prison | Bradford | Starke |
| ___ | Gainesville Correctional Institution | Alachua | Gainesville |
| ___ | Hamilton Correctional Institution | Hamilton | Jasper |
| ___ | Lancaster Correctional Institution | Gilchrist | Trenton |
| ___ | Lawtey Correctional Institution | Bradford | Lawtey |
| ___ | Mayo Correctional Institution | Lafayette | Mayo |
| ___ | New River Correctional Institution | Bradford | Raiford |
| ___ | North Florida Reception Center | Union | Lake Butler |
| ___ | Putnam Correctional Institution | Putnam | East Palatka |
| ___ | Taylor Correctional Institution | Taylor | Perry |
| #3 | *Union Correctional Institution | Union | Raiford |

* indicates additional $50.00 bi-weekly, Temporary Special Duty Pay.

### ADDITIONAL SERVICE CENTER AREAS

| | |
|---|---|
| ___ | Marianna Service Center |
| ___ | Orlando Service Center |
| ___ | Ft. Lauderdale Service Center |

I____ ___ ____ arn about empl____ ___ ___ ____ties with the Department for Corrections?
- Baker                    - Baker

Are you willing to relocate to the South Florida for employment opportunities?
Yes___   No ✓

**WOULD YOU LIKE TO BE CONSIDERED FOR A CORRECTIONAL OFFICER POSITION IN THE FOOD SERVICE DEPARTMENT? ( THIS POSITION SUPERVISES INMATES IN THE FOOD PREPATATION AREA WITHIN THE INSTITUTION.) YES___   NO ✓**

Robert Norris
PRINT NAME

_Robert Norris_ (signature)
SIGNATURE

_____   7
SOCIAL SECURITY NUMBER

7·24·61
DATE

Department of Corrections

## CORRECTIONAL OFFICER/CORRECTIONAL PROBATION OFFICER
## SUPPLEMENTAL APPLICATION

Applicant's Name: _Robert  Norris_____  SS#: _____

|  |  | Yes | No |
|--|--|--|--|

1. Are you a U.S. Citizen?      ✓ __

2. List all names you have used (include maiden, married, and nicknames):
   _Robert  Edward  Eugene  Norris_____
   _____

3. Are you related to anyone presently employed with the Florida Department of    ✓ __
   Corrections? If yes, give name, relationship, and place of employment:
                    _Hamilton_____
   _Uncle_____

4. Do you have a business or personal relationship with anyone presently incarce-    __ ✓
   rated or under the supervision of the Florida Department of Correction's system?
   If yes, give name, relationship, and place of incarceration/supervision:
   _____
   _____

5. Have you ever applied for or held a position (including internship, volunteer or OPS    __ ✓
   positions) with the Florida Department of Corrections? If yes, where, position(s),
   and dates: _____
   _____
   _____

6. Have you ever applied for or been employed by any law enforcement agency as a    __ ✓
   Correctional Officer, Probation and Parole Officer or Law Enforcement Officer?
   If yes, give name of agency, position(s), and dates:
   _____
   _____

7. Have you taken any Correctional Officer, Probation & Parole Officer or Law En-    __ ✓
   forcement Officer training? If no, go to Question #11. If yes, state type of training,
   dates of training, etc. Certificate(s) #:
   _____
   _____

8. Have you taken and passed the Florida Department of Law Enforcement Officer    __ ✓
   Certification Examination? If yes, what discipline _____
   _____

9. Has your certification ever been suspended, revoked, terminated or expired?    __ ✓
   If yes, explain: _____
   _____

Page 1 of 3

DC2-628 (Rev. 4/98)

|  | Yes | No |
|---|---|---|

10. Have you ever had any type of disciplinary action taken against you while employed as a Correctional Officer, Probation & Parole Officer, or Law Enforcement Officer? If yes, explain: _____  __ ✓

11. Have you served in the Armed Forces of the United States? (Do not include National Guard) (A copy of your DD214 for each period of service must be submitted.) If yes, answer questions 11 through 15. If no, skip to question 16.  __ ✓

12. State branch of service and service number: _N/A_____

13. State dates of all periods of active military service: _N/A_____  __ __

14. Did you receive a dishonorable discharge?  __ ✓

15. Was any type of disciplinary action taken against you while you were a member of the Armed Forces? If yes, please explain: _____  __ ✓

16. Do you possess a valid driver license? If ____ tate and license number: _____  ✓ __

17. Have your driving privileges ever been canceled, suspended, or revoked? If yes, explain: _Failure to pay ticket in due time_____  ✓ __

18a. Have you ever used, or experimented with any illegal drug? If yes, explain: _____  __ ✓

b. Have you ever sold, delivered, manufactured, smuggled, trafficked in, or possessed illegal substances or drug paraphernalia?  __ ✓

19a. Have you ever been convicted of a felony or a misdemeanor?  __ ✓

b. Have you ever pled Nolo Contendere or pled guilty to a crime which is a felony or a misdemeanor?  __ ✓

c. Have you ever had the adjudication of guilt withheld to a crime which is a felony or a misdemeanor (including sealed records)?  __ ✓

d. If you answered "Yes" to 19 a, b, or c, complete the following:

| Date | Place | Agency | Charge | Disposition Details |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Yes  No

20. Are you or have you ever knowingly been under investigation by any local, state,   \_\_ ✓
federal agency, or entity for any wrongdoing either administrative, civil or criminal?
If yes, explain: _____

_____

_____

21. Have you ever committed a crime, whether arrested or not, that would constitute a   \_\_ ✓
felony or a misdemeanor?

22. Chronologically list all previous places of residence for the past ten years.
(Begin with present and work backwards.)

| From Mo/Yr | To Mo/Yr | Number/Street | County/City | State | Zip Code |
|---|---|---|---|---|---|
| 08/97 | 06/02 | | | | |
| 06/02 | present | | | | |
| | | | | | |
| | | | | | |

23. List complete addresses and telephone numbers of five individuals (non-relatives) who have
known you for at least three years:

| Full Name | Address | (Area Code) Telephone |
|---|---|---|
| Darlene Smith | | |
| David Braden | | |
| Janet Bulla | | |
| Ottis Housti | | |
| John Spur | | |

24. List any special qualifications or skills you may possess: _I am very athletic,
And I can do anything I put my mind to._

_____

_____

_____      7-3-3
Applicant's Signature          Date

RATER'S SUMMARY:

_____
_____
_____
_____
_____
_____
_____
_____
_____

PERFORMANCE IMPROVEMENT PLAN: (To Be Used When Employee is "Below Standards")

_____
_____
_____
_____
_____
_____
_____

RATER'S SIGNATURE: _____  DATE: _____

EMPLOYEE'S COMMENTS: _____
_____
_____

EMPLOYEE'S SIGNATURE: _____  DATE: _____

(Employee's signature certifies employee had the opportunity to review and discuss this appraisal with immediate supervisor, but does not necessarily mean the employee agrees with this appraisal)

REVIEWER'S COMMENTS: _____
_____
_____

REVIEWER'S SIGNATURE: _____  DATE: _____

PERSONNEL OFFICE COMMENTS: _____

SIGNATURE: _____  DATE: _____

PERFORMANCE IMPROVEMENT PLAN: (To Be Used When Employee is "Below Standards")

RATER'S SIGNATURE: _Joel R. Harris_          DATE: _10-10-86_

EMPLOYEE'S COMMENTS:

EMPLOYEE'S SIGNATURE: _____          DATE: _10/10/86_

(Employee's signature certifies employee had the opportunity to review and discuss this appraisal with immediate supervisor, but does not necessarily mean the employee agrees with this appraisal)

REVIEWER'S COMMENTS:

REVIEWER'S SIGNATURE: _RKWay PAC_          DATE: _10/15/86_

PERSONNEL OFFICE COMMENTS:

SIGNATURE: _____          DATE: _10/16/86_

(Please print complete mailing address clearly
To be used in window envelope)

MR. R. L. AUTRY
Personnel Manager
¹/o Reception + Medical Center
P O BX 628
Lake Butler, Florida 32054

Fill out one request form
for each address to which
you are sending copies.

Currently enrolled at FSU   ☐ YES ☒ NO   If NO, date last enrolled __3 - 75__
                                         New student current quarter   ☐ YES

Social Security _____   Birth Date _____

Name ___SINGER___ ___STEVEN___ ___FRED___ _____
        Last            First          Middle        Maiden

Address _____

City _____ Zip _____

Number of copies requested __2__

Purpose for which transcript will be used:

☐   Transferring Schools          ☐   Certification

☐   Military                      ☐   Other __JOB__

Transcript should be:

☒   Sent Now                      ☐   Held until complete grade cleared
                                      and posted _____
☐   Held for this quarter's grades               Course Prefix & Number
                                  ☐   Held until grade change processed
☐   Held for statement of degree. If yes,
    when do you plan to graduate _____          Course Prefix & Number
    _____       ☐   Other _____

                   Student Signature   _Stanley Singer_

| MR. MRS. MISS | | | |
|---|---|---|---|
| SINGER STEVEN FRED | | | |
| NAME   LAST | FIRST | MIDDLE | SOCIAL SECURITY NO. |

HOME ADDRESS

| DATE OF BIRTH | PLACE OF BIRTH |
|---|---|
| SEPTEMBER 17, 1973 | F |
| DATE OF ADMISSION | RESIDENCY CODE |

GRADUATE

| ACADEMIC DIVISION | MAJOR COURSE OF STUDY |
|---|---|

| Entrance Condition | Date Removed |
|---|---|

Miscellaneous

| Date Withdrew | Reason for Withdrawal |
|---|---|

**EVALUATION OF TRANSFER RECORD CODE**
(D)—Course Duplicated by Other Work.
(G)—Grade Below Transferable Level.
(L)—Course Below Transferable Level.
(N)—Course Not Applicable Towards Degree.
(T)—Vocational or Technical Terminal Course.

**GRADING SYSTEM**
A— Excellent
B— Good
C— Average
D— Barely Passing
F— Failed
I— Incomplete
IE— Incomplete Expired
EC— Exam Credit (CLEP)
ED— Exam Credit (Dept.)
NG— No Grade Reported
GE— Grade Expired
P— Passed
S— Satisfactory
U— Unsatisfactory
W— Withdrew
WD— Withdrew with Dean's Permission
SP— Special Student
r— Course may be repeated for credit

THE FLORIDA STATE
UNIVERSITY
TALLAHASSEE FL.
32306

THIS TRANSCRIPT IS NOT OFFICIAL UNLESS IT BEARS THE SEAL OF THE FLORIDA STATE UNIVERSITY

---

| Course | Course | 2 | Abbreviated Title of Course | Quarter Hours | | | | QT PTS |
|---|---|---|---|---|---|---|---|---|
| | | | | ATP | PASS | ATP/ | GRD | |

RECEIVED THE DEGREE BACHELOR OF ARTS, (WITH HONORS)
FROM UNIVERSITY OF FLORIDA   JUNE 9, 1973

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | ED    FALL QUARTER 1973 | | | | | |
| COU | 0561 | | COUNSLNG PREPRACTICM | 5.0 | 5.0 | 5.0 | B | 15.0 |
| COU | 0581 | | INTRPERSAL COM DEVEL | 1.0 | 1.0 | | S | .0 |
| COU | 0551 | | SURVEY GUID SYSTEMS | 5.0 | 5.0 | 5.0 | R | 15.0 |
| | | | | 11.0 | 11.0 | 10.0 | | 30.0 |

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | SW    WINTER QUARTER 1974 | | | | | |
| EMD | 501 | | TESTS TEACH GUID | 5.0 | 5.0 | 5.0 | A | 20.0 |
| PCB | 510 | | GRP PRCSS THEOR PRAC | 3.0 | 3.0 | 3.0 | B | 9.0 |
| PCB | 553 | | COUNSEL TECH INF SYS | 3.0 | 3.0 | 3.0 | A | 12.0 |
| PCB | 573 | | COUNSEL CNCPT SIMULA | 5.0 | 5.0 | 5.0 | B | 15.0 |
| | | | | 16.0 | 16.0 | 16.0 | | 56.0 |

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | SW    SPRING QUARTER 1974 | | | | | |
| PCB | 543 | | RSRCH COUNSELNG GUID | 4.0 | 4.0 | 4.0 | B | 12.0 |
| PCB | 574 | | COUNSLNG PRACT INDIV | 5.0 | 5.0 | | S | .0 |
| PCB | 575 | | COUNSLNG PRACT GROUP | 5.0 | 5.0 | | S | .0 |
| PCB | 581 | | INTRPERSNL COM DEVEL | 1.0 | 1.0 | | S | .0 |
| | | | | 15.0 | 15.0 | 4.0 | | 12.0 |

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | SW    SUMMER QUARTER 1974 | | | | | |
| PCB | 576 | | INTERNSHIP | 12.0 | 12.0 | | S | .0 |
| | | | | 12.0 | 12.0 | .0 | | .0 |

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | SW    FALL   QUARTER 1974 | | | | | |
| PCB | 572 | | CHNG AGNTS SOCL SYST | 3.0 | 3.0 | 3.0 | A | 12.0 |
| PCB | 576 | | INTERN COUNS & REHAB | 12.0 | 12.0 | | S | .0 |
| | | | | 15.0 | 15.0 | 3.0 | | 12.0 |

| DEPT | COURSE NUMBER | DESCRIPTIVE TITLE OF COURSE | | ATP | PASS | ATP/ GPA | GRD | QUALITY POINTS |
|---|---|---|---|---|---|---|---|---|
| 26702 | 5833 | 5 | SW    WINTER QUARTER 1975 | | | | | |
| PCB | 571 | | COUNSELING SEMINAR | 3.0 | 3.0 | 3.0 | A | 12.0 |
| PCB | 576 | | INTERN COUNS & REHAB | 6.0 | 6.0 | | S | .0 |
| | | | | 9.0 | 9.0 | 3.0 | | 12.0 |

RECEIVED THE DEGREE MASTER OF SCIENCE
MARCH 21, 1975   PROGRAM IN COUNSELING, HEALTH AND REHABILITATION
MAJOR − COUNSELING AND HUMAN SYSTEMS

# PERIODS OF EMPLOYMENT

Describe your work experience in detail, beginning with your current or most recent job. Include military service (indicate rank) and job-related volunteer work, if applicable. Indicate number of employees supervised. Use a separate block to describe each position or gap in employment. If needed, attach additional sheets, using the same format as on the application. All information in this section must be completed. Resumes may be attached to provide additional information.

**1**

Name of Present or Last Employer:

Address:

Your Job Title: Security Guard

FROM: 2 / 22 / 03   TO: Present   HOURS PER WEEK: 40+ Event completion
(MONTH DAY YEAR) (MONTH DAY YEAR) (YOUR NAME IF DIFFERENT DURING EMPLOYMENT)

Duties and Responsibilities: Event Security in Daytona Bch AREA: I.E. Bikeweek Bike tobe fest, Spring Break, Concerts & Special events.

Reason For Leaving: Still there, But I need to secure stable employment - seeking Career promotion possibility

**2**

Name of Next Previous Employer

Address:   Phone No.

Your Job Title: Cabinet Puller   Supervisor's Name:

FROM: 9 / 24 / 01   TO: 2 / 22 / 03   HOURS PER WEEK: 40+
(MONTH DAY YEAR) (MONTH DAY YEAR) (YOUR NAME IF DIFFERENT DURING EMPLOYMENT)

Duties and Responsibilities: Use hand held computer to fill Kitchen Cabinet orders being shipped out of warehouse.

Reason For Leaving: MOVED to Fla to establish Career with FDOC

**3**

Name of Next Previous Employer:

Address   No.:

Your Job Title: Assitant   Supervisor's Name:

FROM: 3 / 00   TO: 8 / 01   HOURS PER WEEK: 40+ when there was contracts to fill
(MONTH DAY YEAR) (MONTH DAY YEAR) (YOUR NAME IF DIFFERENT DURING EMPLOYMENT)

Duties and Responsibilities: Installation of heating/cooling units in Residential & Business. This was a small business operated by the owner for small jobs in the local area.

Reason For Leaving: Job with secure   let go at same time cause of loss time to position, & Supervisor Owner disagreement with my Performance.



Florida Department Of Corrections
Office of the Inspector General
Investigative Report – Short Form



| Incident Class: Employee Arrest/Disorderly. Intoxication | Facility: 201 Columbia CI | Case Number: C. _ _ ... |
|---|---|---|

**Arrest:** ☒ **Employee** ☐ **Inmate** ☐ **Other**
**Charges:** F.S.S. 856.011, Disorderly Intoxication and F.S.S. 843.02, Resisting an Officer Without Violence.

☐ Guilty       ☒ **Addendum Pending**
☐ Not Guilty
☐ Nolo Contendere
☐ P.T.I.

☐ **Felony**       ☒ **Misdemeanor**       ☐ Other (explanation):

**Date of Arrest:** August 22, 2003       **Date Reported:**

**Sentence of Court / Agreement:**

**Administrative Violation(s):**

| Submitted to the S.A.O. | ☐ Yes | ☒ No |
|---|---|---|

| Classification: | ☐ Not Sustained | ☐ Exonerated | ☐ Sustained |
|---|---|---|---|

**Case Summary:**
On August 23, 2003 Correction Officer Trainee William Moore reported to Captain that he had been arrested early that morning for disorderly intoxication and resisting an officer without violence. Columbia County Sheriff's Office incident report/arrest report NR. 2003-027060 indicated that William Moore was arrested on August 28, 2003 for the above listed offenses.

Once the courts render a final decision in this case, an addendum to this investigation will be submitted.

| Evidence: ☐ Weapon ☐ Drugs ☐ Other | Describe: |
|---|---|
| **Other Agency Case Number:** Columbia County Sheriffs's Office incident/arrest report #20' ,60 | **Number of Attachments:** ONE (1) |

| **UCR Classification:** | ☐ **CBA** | ☐ **Cleared by Exception** | ☐ **Open Pending** |
|---|---|---|---|

I_____I **Inspector**       August 28, 2003 **Date**

*Michael Bear* ᴬᶜᵗⁱᴹ **Inspector Supervisor**       9/11/03 **Date**

**Chief Inspector**       9/16/03 **Date**

# OFFENSE INCIDENT REPORT

Columbia County Sheriff's Office

| Agency ORI Number: FL 0 1 3 2 0 0 0 | | | | | 1. Original  2. Supplement |
|---|---|---|---|---|---|

**EVENT DATA**

Offense Description
#1 3 Disorderly Intoxication — C 8 5 6 0 1 1 1
#2 3 Resisting/Opposing Officer W/O — L 6 8 4 3 0 2 1

Incident Location: Lake City  33055  Zone 4

**Offense #1** — Disorderly Intoxication
**Offense #2** — Resisting/Opposing Officer W/O

Victim: THE State of Florida

Witness: William Clayton Moore

**NARRATIVE**

On 8-23-03 I responded to Romero's Bar in reference to a disturbance. Upon my arrival I discovered that Romero's employee _____ was detaining William Moore on the ground in the parking lot. I then asked Moore to stand up and tell me his name. Moore then stood up and told me "I ain't telling you shit!". Moore then started yelling and cussing at me causing a small crowd to gather around us. I then attempted to place handcuffs on Moore but he pulled away from me two times before I was successful. I then placed Moore into my patrol car and advised dispatch to have EMS _____.

Report Contains: Face Sheet, Supplement, Witness Statement

Officer(s) Reporting: A.H. Freitas  I.D. Number(s)  Unit Patrol  8-23-03

2,0,0,0 Columbia County Sheriff's Office

Date Reported: 0,1,5,12,13,1,015   Case Reference: Disorderly Intox.

enroute to my location due to a small abrasion on Moore's forehead. While in my patrol car Moore continued to yell obscenities at me and other bar customers who walked by.

_____ advised me that Moore had become angry when he was asking him to leave. _____ said that Moore charged at him two seperate times and he had to place them on the ground to control him. _____ told me that Moore's abrasion on his forehead was from him holding Moore on the ground.

Moore had a strong odor of alcoholic beverage on his breath, had bloodshot watery eyes and speech was slurred. Moore was also having trouble standing upright as EMS was treating his minor scratches. From my training and experience I believe that Moore was intoxicated while causing this disturbance.

After Moore recieved medical treatment, he was transported to CCDC without incident.

EXEMPT FROM
PUBLIC RECORDS

Report Complete   Unclosed   ICS Number(s): _____   Unit: 1570   Date: 8-23-03

| Officer Reviewing (if Applicable) | ID. Number | Routing To | Returned To | Assigned To | By | Date |
|---|---|---|---|---|---|---|

| Case Status | Clearance Type: 1. Unfounded 2. Exceptional | About / Juvenile | Date Cleared | Arrest Number | Number Arrested: 1 |
|---|---|---|---|---|---|

| Exception Type: 1. Extradition Declined | 2. Arrest of Primary Offense Secondary Offense Without Prosecution | 3. Death of Offender 4. VW Refuses to Cooperate | 5. Prosecution Declined 6. Juveniles Custody | OBTS Number | Page: 2 of 1 |
|---|---|---|---|---|---|

**4** Name of Next Previous Employer: _____

Address _____  _____ Phone No _____

Your Job Title: _Apprentice Brick Layer_   Supervisor's Name: _____

FROM: _3_ / _1_ / _98_ TO: _3_ / _24_ / _00_   HOURS PER WEEK: _40_ (_____)
    MONTH DAY YEAR   MONTH DAY YEAR           YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: _Building Restoration - Clean & power wash buildings_
_using caustic chemicals safely, Remove & Replace all damaged Bricks_
_old caulk etc..._

Reason For Leaving: _Seasonal work - No winter months work - to work for_
_Job ended_

---

**5** Name of Next Previous Employer: _____

Addr _____  _____ Phone No _____

Your Job Title: _grill cook_   Supervisor's Name: _____

FROM: _7_ / _1_ / _96_ TO: _3_ / _1_ / _98_   HOURS PER WEEK: _30-40_ (_____)
    MONTH DAY YEAR   MONTH DAY YEAR           YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: _cook hamburgers Safety & sanitation. I started this_
_job while in High school (11th grade) and stayed 9 mos after graduation_

Reason For Leaving: _more money at_ _____

---

**6** Name of Next Previous Employer: _High School Student_ _____

Address: _____  _____  (_____) _____

Your Job Title: _____   Supervisor's Name: _____

FROM: _1_ / _1_ / _96_ TO: _7_ / _1_ / _97_   HOURS PER WEEK: _____ (_____)
    MONTH DAY YEAR   MONTH DAY YEAR           YOUR NAME IF DIFFERENT DURING EMPLOYMENT

Duties and Responsibilities: _____
_graduated 7-97_

Reason For Leaving: _____

If needed, attach additional sheets, using the same format as on the application. Resumes may be attached to provide additional information.

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

*Lowell CI*

**(INSTITUTIONS)**
**R E P O R T   O F   F O R C E   U S E D**

**STAFF SUPPLEMENT**

**Institution:** Columbia Correctional Institution – Main Unit     **Date:** November 11, 2008

**Inmate's Name:**     **DC#:** 653489

1. **TYPE AND AMOUNT OF FORCE USED:**
While maintaining my hold on _____'s upper left arm and the assistance of Sgt. T. Ford, Inmate _____ was placed on the floor face down. After he ceased his disorderly behavior, Sgt. Ford and I Assisted him to his feet.

Date: November 11, 2008     Signature: *William Moore*     DisOfficerNES

Officer Using Force     Title

*William C. Moore*

2. **TYPE AND AMOUNT OF FORCE USED:**

Date: _____     Signature: _____

Officer Using Force     Title

TYPE AND AMOUNT OF FORCE USED:

State of Florida
Department of Corrections

## USE OF FORCE LOG

EMPLOYEE'S NAME: _MOORE, WILLIAM C_

SOCIAL SECURITY NUMBER: _

WORK LOCATION: _Columbia CI_

| DATE OF INCIDENT | BRIEF DESCRIPTION | OUTCOME | REVIEWED BY |
|---|---|---|---|
| 11-26-07 | #100648 | Approved | |
| 12-29-07 | nu | Approved | |
| 4-16-08 | | App. | |
| 4-16-08 | | App | |
| 6-7-08 | ell | App | |

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**COUNSELING MEMORANDUM**
(Not a disciplinary action)

Date: June 6, 2005

Employee: William Moore

Class Title: Correctional Officer

Department: Security

Work Location: Columbia C.I.

**REASON FOR COUNSELING:** A review of your attendance and leave record revealed that between October 2004 and April 2005, you've had six (6) tardies and three (3) unscheduled absences resulting from call-ins The specific dates for the absences were 10/26/04, 11/27/04, and 12/04/04; and for the late arrivals were 12/07/04, 02/04/05, 02/11/05, 03/06/05, 03/10/05, 04/22/05. Although the absences may have been for legitimate reasons and were approved, Management is a little more concern with your dependability to arrive at your post on time especially since you reside on state grounds. You have been previously spoken to about this to no avail.

**CORRECTIVE INSTRUCTION GIVEN EMPLOYEE:**
You are being encouraged to reduce the number of late arrivals unless extenuating circumstances prevail. It is expected that in the future, you will be more conscientious in following the rules, regulations, policies, and procedures regarding attendance and leave. Your attendance records will be monitored on an ongoing basis. Future behavior of a similar nature may result in disciplinary action.

B. J. Jarvis     Date     William Moore     Date     Witness Signature/Date
Major                    Correctional Officer

xc: Personnel File

## SALVATION ARMY CORRECTIONS                    WAINWRIGHT JUDICIAL SERVICES

The Court places you on _____ supervised _____ unsupervised Probation for:

_____ on Count(s) _____ and orders that you abide by the following conditions of probation.

1. You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary for the court to find a violation of your probation.
2. You will not use intoxicants to excess, nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed, or used.
3. You will work diligently at a lawful occupation and support dependents to the best of your ability or attend school regularly.
4. You will obey and fulfill all additional obligations as the Court orders.
5. You will not change your residence or employment without first procuring the consent of your probation officer.
6. You will promptly and truthfully answer all inquiries directed to you by the Court or the probation officer, and allow the officer to visit in your home, employment site or elsewhere, and you will comply with all instructions he/she may give you.
7. Once a month, on the date assigned by your probation officer, you will make a full and truthful report to your probation officer.
8. You will pay cost of supervision at a rate of $40.00 monthly.
9. Other: _____

Courts Costs: _____ Fine(s): _____ Surcharge: (5%): _____

Court Facility Fee: _____ DUI Surcharge: _____ Drug/Alcohol Fee: _____

DV Fee: _____ PD Fee: _____ SAO WBC Fee: _____ FTA Costs: _____

Restitution in the amount of $ _____ to _____

Total of $ _____ to be paid by/within _____ in equal monthly payments of $ _____
_____ Show Proof of payments made to the Clerk of Court by/within _____

Community Service may be _____ performed in lieu of fines _____ paid at a rate of $ _____ per hour. Within _____

_____ No contact _____ No unlawful or harassing contact with: _____
_____ DO NOT go within _____ feet of victim (s) residence or employment.

_____ Salvation Army Work Program _____ days, beginning _____

_____ Community Service Hours _____       _____ Substance Abuse Counseling       _____ B.I.P. Enroll within _____ days
       within _____                          _____ Random urinalysis                _____ Anger Mgmt Enroll w/in _____ days

_____ Shoplifting Course Enroll/Complete within _____
_____ Stay out of: _____

_____ Driver's License Suspended _____ Months/Years
_____ Produce Valid DL within _____ days/months _____ days/months of becoming eligible.

_____ Attend appropriate DUI School—Enroll by/within _____
_____ Impound vehicle _____ days _____ Waived
_____ Other: $450.00 Incarceration Fee Due by 10-30-03

**DONE AND ORDERED, in Lake City, Columbia County, Florida on** 10-16 , 2003

_____                    _____
Defendant                                          To

JUDGE: TOM COLEMAN      Clerk:LYNDA BA  MISDEMEANOR

COURT REPORTER: _____Taped_____     BAILIFF: _____ - ____
PRETRIAL CONFERENCE        10/16/2003

MOORE, WILLIAM CLATON
DEFENDANT            STATE ATTORNEY

_____    ___ _____ L
PROBATION AND PAROLE OFFICER     PUBLIC DEFENDER/COUNSEL

CASE #                    OFFENSE
COUNT   CHARGE              STATUTE    DEGREE   PLEA
C-001   DISORDERLY INTOXICATION     856011      M

(pled to Dis. Conduct)

____ WAIVED COUNSEL    _____ Transfer to Felony _____Ready for Trial
____ Public Defender Appointed          _____ Speedy Trial WAIVED
____ Case Continued/Passed by: _____ Return Date:_____
**YOU MUST APPEAR FOR ALL COURT DATES UNLESS EXCUSED BY THE JUDGE*********
____ Non Jury Pretrial _____Non Jury Trial_____
____ Pretrial___ -___ -03 1:30 PM/Pretrial Status Conf.___-___-03 1:30 PM
____ Jury Selection:_____Trial Dates:_____
____ Civil Hearing:_____
____ Motion to Suppress _____ ____ Motion to Dismiss _____
____ REINSTATE PROBATION _____Same Terms and Conditions
____ REVOKE PROBATION _____
____ Salvation Army Work Prog to begin_____
____ COUNTY JAIL _____/_____days credit _____
____ Case Referred to PTI
____ Issue Rule to Show Cause _____Motion for JOA_____
____ DISMISSED _____Defendant found NOT GUILTY by JUDGE
____ NOLLE PROSEQUI Ct(a) _____
____ Failure to Appear: ISSUE CAPIAS—BOND SET—$ _____

____ Estreat Bond
____ TAKE CASH BOND __Release Cash Bond _____to _____
____ Fines and Costs to be paid from cash bond—Release balance of cash
ond to _____
____ Convert all monetary obligations to CIVIL LIEN

_William C Moore_____      DONE AND ORDERED:
efendant's Signature

_____      _____
EPUTY CLERK             Tom Coleman, County Judge



# Florida Department Of Corrections
## Office of the Inspector General
### Investigative Report – Short Form



| | | | | |
|---|---|---|---|---|
| **Classification of Incident:** Employee Arrest/Disorderly Intoxication | | | **Case Number:** | |
| | | | **Field Office:** Gainesville | |
| **Class Code:** 26O | | | | |
| **Incident Date:** 08/22/2003    **Time:** 0007 hours | | | **Facility:** 201-Columbia CI | |
| **Assigned Date:** 08/26/2003 | | | **Inspector:** J | |
| **Report Date:** 08/28/2003 | | | **Original Case Type:** C | |
| **Dept. of Corrections Region:** II | | | **Downgrade to:** | |

| | **Name** | **Title / DC #** | **D.O.B.** | **S.S.N.** |
|---|---|---|---|---|
| **Complainant:** | ( | Correctional Captain | 05/11/1950 | |
| **Victim:** | State of Florida | | | |
| | | | | |
| **Witness:** | | unty Deputy Sheriff | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **Subject:** | Moore, William | Correctional Officer Trainee | | |
| | | | | |
| | | | | |
| | | | | |

**Justification: (Downgrade)**
- ☐ Lack of investigative leads.
- ☐ Management Issue – Facts known.
- ☐ State Attorneys Office declines prosecution. (No I.G. Investigative concerns)
- ☐ Victim refuses to assist with investigation.
- ☐ Other Law Enforcement Office handling.  (Arrest at DC facility)
- ☐ Duplicate case.
- ☐ Non-certified employee resigned.
- ☐ M.O.U. Investigation.
- ☐ Grievance Issue.
- ☐ Other (explanation):

**Exoneration:**
- ☐ Incident occurred, however, the employee's actions were justified, lawful, and proper. (Explain in detail in summary)
- ☐ Incident occurred, however, it was an approved use of force.
  UOF Case Number:                    Date Approved:
- ☐ Complainant admits to making false allegations.
- ☐ The accused employee was not involved in the incident.
- ☐ The incident did not occur.
- ☐ Policy failure of the directive, order or policy the employee followed.

RECEIVED
OFFICE OF THE INSPECTOR GENERAL
GAINESVILLE FIELD OFFICE
SEP 1 1 2003

RECEIVED
Department of Corrections
SEP 1 6 2003
Office of the Inspector General
State Investigations

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
### Invoice for Production of Records

**FACILITY:** Jefferson Correctional Institution      **DATE:** 2-21-2012

**ADDRESS:** 1050 Big Joe Road Monticello, FL 32344-9745

**REQUESTOR:** James V Cook, Attorney

**REFERENCE:** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆

The copies you requested are now available for pick up or mailing. Pursuant to Rule 33-102.101, Fla. Admin. Code, the following charges apply. Requested copies will not be released until payment is provided in the form of a check payable to the Department of Corrections sent to the above-listed address or a confirmed journal transfer.

In accordance with section 119.071(4)(d), Florida Statutes and Rule 33-102.101, Fla. Admin. Code, a special service charge will be assessed when the nature or volume of the public records requested to be inspected or copied is such as to require extensive clerical or supervisory assistance by Department personnel. "Extensive" means that it will take more than 15 minutes to locate, review for confidential information, copy and refile the requested material. The special service charge will be computed to the nearest quarter of an hour exceeding 15 minutes based on the current rate of pay for the paygrade of the person who performed the service and will be assessed regardless of the number of individual copies made.

| | | | | | | |
|---|---|---|---|---|---|---|
| Special Service Charge | | | | | | |
| in ¼ hours | 2 | x 13.50 | hourly rate | | = | 27.00 |
| Number of one-sided copies | 383 | x .15 per copy | | | = | 57.45 |
| Number of two-sided copies | 204 | x .20 per copy | | | = | 40.80 |
| | | | | **Total:** | | 125.25 |

The following information has been redacted from the records pursuant to Florida Statutes (F.S.) (insert an X for all that apply):

☐ Medical, psychological, and dental records, without a properly executed DC4-711B Consent for Release form. § 945.10(1)(a), 456.057(5), F.S., 45 C.F.R., § 164.502.

☐ HIV/AIDS testing information and/or substance abuse treatment records, to the extent any exist, without a properly executed DC4-711B Consent for Release form. § 381.004, 397.501, 397.752, F.S., 42 U.S.C. § 290dd-2, 42 C.F.R. Part 2.

☐ Information relating to cause of death in all death records, including the medical certification of the cause of death in a death certificate. §§ 382.008(6), 945.10(1)(a), F.S., 45 C.F.R., § 164.502.

☐ Biometric identification information, including fingerprints, held by the department.§ 119.071[(5)(g), F.S.

☐ Personal identifying information of a dependent child of a current or former officer or employee of the Department or an agency, which dependent child is insured by an agency group insurance plan. § 119.071(4)(b), F.S.

☐ Medical information pertaining to a prospective, current, or former officer or employee. § 119.071(4)(b), F.S.

☐ Social security numbers. § 119.071(5)(a), F.S.

PLAINTIFFS EXHIBIT E

☐ The home addresses, telephone numbers, social security numbers and photographs of active or former department employees and/or their spouses and children; places of employment; daycare facilities, and/or schools of active or former department employees' spouses and children (sections 119.071[(4)(d), F.S. and 945.10(1)(e), F.S

☐ Records relating to an allegation of employment discrimination when the alleged victim chooses not to file a complaint and requests that records of the complaint remain confidential. § 119.071(2)(g) F.S.

☐ Preplea, pretrial intervention, pre-sentence or post-sentence investigations (PSIs). § 945.10(1)(b), F.S.

☐ Information regarding a person in the federal witness protection program. § 945.10(1)(c), F.S.

☐ Parole Commission records.  § 945.10(1)(d), F.S.

☐ Records developed or received by any state entity pursuant to a Board of Executive Clemency investigation. § 14.28, F.S.

☐ Information, which if released, would jeopardize a person's safety.  § 945.10(1)(e), F.S.

☐ Records, information, photographs, audio and visual presentations, schematic diagrams, surveys, recommendations, or consultations or portions thereof relating directly to the physical security of an institution or revealing security systems of an institution.  §§ 119.071(3) and 281.301, F.S.

☐ Threat assessments conducted by the department, threat response plans, emergency evacuation plans, sheltering arrangements or manuals for security personnel, emergency equipment, or security training. § 119.071(3)(a), F.S.

☐ Policies or plans compiled by the department relating to mobilization, deployment, or tactical operations involved in responding to emergencies. § 119.071(2)(d), F.S.

☐ Building plans, blueprints, schematic drawings, and diagrams which depict the internal layout and structural elements of an institution or other structure operated by the department. § 119.071(3)(b), F.S.

☐ Information revealing surveillance techniques, procedures or personnel § 119.071(2)(d), F.S.

☐ Information regarding a victim's statement and identity.  § 945.10(1)(f); 119.071(2)(j), F.S.

☐ Identity of confidential informants.  § 119.071(2)(f), F.S.

☐ Information, interviews, reports, statements, memoranda, and drug test results, written or otherwise, received or produced as a result of an employee/applicant drug-testing program performed in accordance with the Drug Free Workplace Act. § 112.0455(11), F.S.

☐ Quality assurance reports and findings and recommendations prepared by or for the Florida Department of Corrections' medical review committees. § 766.101(5) and 945.6032, F.S.

☐ FCIC II/NCIC and criminal justice information.  § 943.053, F.S.

☐ Active criminal investigation or criminal intelligence information. § 119.071(2)(c), F.S.

☐ On-going investigations regarding law enforcement or correctional officers. § 112.533(2)(a), F.S.

☐ Educational records; including personally identifiable records or reports of a student, and any personal information contained therein. § 1002.22(3)(d), F.S.

☐ Personal identifying information contained in records documenting an act of domestic violence or sexual violence that is submitted to the department by an employee or a written request for leave or time sheet reflecting a request submitted by a department employee pursuant to section 741.313, Florida Statutes. § 741.313[7], F.S.

☐ A record that was prepared by an agency attorney or prepared at the attorney's express direction, that reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and that was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or that was prepared in anticipation of imminent civil or criminal litigation or imminent adversarial administrative proceedings. § 119.071[1][d], F.S.

☐ Other (describe) _____